■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TAYLOR, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered February 15, 1990, convicting defendant, after a jury trial, of kidnapping in the second degree, robbery in the first and second degrees, assault in the first degree and reckless endangerment in the first degree, and sentencing him to terms of imprisonment of 5 to 15 years for the assault and 2⅓ to 7 years for the reckless endangerment to run consecutively to each other and to concurrent terms of 12½ to 25 years for the first degree robbery (an armed felony), 8⅓ to 25 years for the kidnapping, and 5 to 15 years for the second degree robbery, unanimously affirmed.

Defendant's contention that the kidnapping conviction is barred by the merger doctrine since the abduction and detention of the victim was incidental to the robbery is without

merit, in view of the evidence that defendant and several of his accomplices continued to restrain the victim in the vacant apartment, and tortured him, even after his possessions were taken from him. Clearly, the kidnapping was a sufficiently distinct crime to support an independent conviction *(People v Cassidy,* 40 NY2d 763). Assuming the merger doctrine were otherwise applicable, the detention was so unnecessarily cruel as to bring it within the exception for detentions which, though incidental to the commission of another crime, are horrendous *(see, People v Miles,* 23 NY2d 527, 539, *cert denied* 395 US 948).

As to the mostly unpreserved claims raised in defendant's *pro se* supplemental brief, first degree assault is not a lesser included offense of first degree robbery requiring dismissal of the assault conviction, since it is possible to commit the robbery without simultaneously committing the assault (CPL 1.20 [37]). There was no obligation on the prosecution's part to inform defendant prior to trial that one of his accomplices was a cooperating witness. Finally, the imposition of sentence was in all respects proper, and the sentences imposed were not excessive. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Ross, JJ.