■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE DUNCAN, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered February 1, 1990, convicting defendant, after a jury trial, of kidnapping in the second degree, robbery in the first degree, robbery in the second degree, assault in the first degree, and reckless endangerment in the first degree, and sentencing him to terms of 8⅓ to 25 years, 12½ to 25 years, 5 to 15 years, 5 to 15 years, and 2⅓ to 7 years, respectively, the sentences for the robbery in the first degree, assault and reckless endangerment convictions to run consecutively to each other and concurrently with concurrent sentences for the remaining convictions, unanimously affirmed.

In affirming the conviction of codefendant Anthony Taylor (184 AD2d 218, *lv denied* 80 NY2d 897), this Court concluded that the kidnapping charge did not merge with the robbery charges, and there is no reason to reach a different conclusion in the present appeal *(see also, People v Gonzalez,* 80 NY2d 146). We reject defendant's contention that the court failed to provide an appropriate instruction on accomplice liability or corroboration of accomplice testimony.

Defendant failed to preserve any challenge to the People's summation by appropriate objection (CPL 470.05 [2]), and no basis exists to review in the interest of justice.

During cross-examination of a prosecution witness with respect to the disposition of Rockland County charges against the witness, defendant opened the door to evidence in rebuttal that the witness was not induced to testify in the present case *(see, People v Cherry,* 161 AD2d 185, 186-187, *lv denied* 76 NY2d 854).

By failing to proceed pursuant to CPL article 440, defendant's appellate challenge to the effectiveness of his trial counsel is in large part based upon an inadequate record *(compare, People v Brown,* 45 NY2d 852, *with People v Love,* 57 NY2d 998). To the extent that the record is reviewable, it does not show that defendant was deprived of meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). On occasions when counsel was not present for proceedings, we find no error in joint representation by co-counsel with defendant's consent *(see, People v Macerola,* 47 NY2d 257, 264).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.