■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DABBS, Appellant. [596 NYS2d 893] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Lamont, J.), rendered June 13, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree, kidnapping in the first degree, kidnapping in the second degree, grand larceny in the second degree and coercion in the first degree (three counts).

In December 1988, defendant was indicted and charged with three counts of kidnapping in the first degree, rape in the first degree, grand larceny in the second degree and three counts of coercion in the first degree. The first four counts of the indictment, charging rape in the first degree and three counts of kidnapping in the first degree (hereinafter referred to as the first group of charges), arose out of allegations by a female victim that in June and July 1988, defendant abducted, restrained and forcibly raped her by means of beating, striking, slapping, pulling, pushing and threatening to kill or seriously injure her. The latter four counts, charging grand larceny in the second degree and three counts of coercion in the first degree (hereinafter referred to as the second group of charges), related to allegations by a second female victim that in October 1988 defendant compelled her to give him money, to rent cars and to purchase narcotics for him by instilling fear that if his demands were not complied with, defendant would cause physical injury to her or her family. Prior to trial, defendant moved to sever the first group of charges from the second group of charges upon the ground, inter alia, that they were not properly joinable pursuant to CPL 200.20 (2) (c).

County Court denied the motion. Following trial, defendant was acquitted of the first two kidnapping counts but was convicted of one count of kidnapping in the second degree (as a lesser included offense) and all other charges of the indictment. Defendant now appeals.

Two of the contentions advanced by defendant are meritorious. Each warrants reversal of the judgment of conviction and remittal to County Court for further proceedings. Initially, we agree with defendant that County Court erred in denying his motion to sever the first group of charges from the second group of charges. CPL 200.20 (2) (c) provides in pertinent part that "[t]wo offenses are 'joinable' when * * * [e]ven though based upon different criminal transactions * * * such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law". In our view, none of the counts of the first group of charges are the same as or similar in law to any of the counts of the second group of charges. Consequently, the two groups of charges were improperly joined and should have been severed for that reason, irrespective of whether good cause was shown for severance under CPL 200.20 (3).

We reject the People's contention that because kidnapping and coercion are defined in the same article of the Penal Law, they are "clearly defined by the same or similar statutory provisions and consequently are the same or similar in law". The same reasoning would tend to equate the clearly dissimilar acts of harming a "seeing eye" dog (see, Penal Law §§ 195.11, 195.12) and a public servant's fraudulent receipt of governmental property (see, Penal Law § 195.20). Here, the counts of kidnapping in the first degree alleged that defendant abducted and restrained the victim by means of actual and threatened physical violence, whereas the coercion charges essentially consisted of larceny by means of intimidation. In our view, the two groups of charges not only involve different victims and are separated in time of commission by over three months but also lack any essential similarity to one another (see, People v Pinkas, 156 AD2d 485, lv denied 75 NY2d 816; cf., People v McNeil, 165 AD2d 882, lv denied 76 NY2d 988; People v Gallishaw, 143 AD2d 198, lv denied 72 NY2d 1045).

Next, we agree with defendant that the People improperly exercised one of their peremptory challenges in violation of defendant's equal protection rights (see, Batson v Kentucky, 476 US 79). Defendant is black and the People exercised peremptory challenges to strike two of the only three blacks

on the jury panel.* As a result, the jury that convicted defendant was all Caucasian. Clearly, defendant made out a sufficient pattern of discriminatory challenges to establish a prima facie *Batson* violation *(see, People v Jenkins,* 75 NY2d 550, 556; *People v Kern,* 75 NY2d 638, 648-650, *cert denied* 498 US 824; *People v Scott,* 70 NY2d 420, 425-426), as the People acknowledge in their brief. The burden was then on the People to offer a sufficiently race-neutral explanation for the suspect peremptory challenges *(see, Batson v Kentucky, supra,* at 97; *People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US —, 111 S Ct 1859). Here, the People offered a sufficiently race-neutral explanation for challenging one black potential juror who had relatives who had been convicted of crimes and who would likely be sympathetic toward defendant.

We are of a different opinion, however, concerning the challenge to the other black female potential juror. She was challenged, as explained by the People, because she worked for the affirmative action unit of a State agency and, as such, "has a frame of reference that carries over into everyday life that the system doesn't work; at least as far as giving minorities fair shakes". In our view, this explanation was not founded upon the potential juror's employment status, as contended by the People, but, rather, upon the racially based and stereotypical perception of the potential juror as having a sympathetic attitude toward blacks and other minority groups. Significantly, the prosecutor made no inquiry as to this juror's attitude concerning minorities and whether she believed that the system worked for them, articulated no "observation (appearance, demeanor, response to questions) that would place the juror within the stereotype or profile" *(People v Duncan,* 177 AD2d 187, 194, *lv denied* 79 NY2d 1048) and "did not relate [the prosecutor's] concerns about the prospective juror's employment to the factual circumstances of the case" *(supra,* at 195). As in *United States v Bishop* (959 F2d 820), the People's justification in this case "referred to collective experiences and feelings that [the prosecutor] just as easily could have ascribed to vast portions of the African-American community" *(supra,* at 825) and did not provide a legitimate basis for the exercise of a peremptory challenge.

Defendant's remaining contentions are either academic in view of our determination or have been considered and found to lack merit.

Levine, J. P., Mahoney and Harvey, JJ., concur. Ordered

---

* It appears that a third black potential juror was excused by consent.

that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.

