February 28, 1995

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL THOMAS, Also known as DWIGHT THOMAS, Appellant. [623 NYS2d 203] —Judgment, Supreme Court, Bronx County (Jerome Reinstein, J.), rendered January 17, 1983, convicting defendant, after a jury trial, of three counts of kidnapping in the second degree and one count of attempted escape in the first degree, and sentencing him, as a persistent violent felony offender, to three concurrent terms of 15 years to life on the kidnapping charges, concurrent with 2 to 4 years on the attempted escape charge, all to run concurrently with his sentence of 7½ to 15 years on an unrelated conviction under

indictment 2596/80, and consecutively to his sentence of 25 years to life on indictment 2385/79, unanimously affirmed.

The kidnapping charges did not merge into the attempted escape charge since the continued restraint of the officers after other correction officers discovered that the inmates had taken over the facility constituted a discrete crime *(see, People v Steel,* 207 AD2d 744). In any event, the merger doctrine is not applicable to this case since the detention here was unusually brutal. All of the officers were bound, beaten and gagged; two were threatened with a razor or a knife; one was used as a "shield;" and defendant threatened to kill the "hostages" since he "had nothing to lose" *(People v Taylor,* 184 AD2d 218, *lv denied* 80 NY2d 897).

The court properly exercised its discretion when it denied defendant's request to have several inmates testify about purported beatings which correction officials had inflicted on defendant, since the witnesses were not present on the day of the incident and could not testify that they had observed "conditions posing an imminent danger of personal injury to [defendant]," to justify his escape from prison *(People v Gittens,* 183 AD2d 782, 782-783, *lv denied* 80 NY2d 895).

Defendant has failed to provide an adequate record to review his claim that he was deprived of his due process rights by the 10 year delay between the filing of his notice of appeal and the perfection of his appeal. Nor has he demonstrated that he was prejudiced by the delay *(see, People v Cousart,* 58 NY2d 62, 68-69).

We perceive no abuse of discretion where the trial court denied defendant's motion for a mistrial after defendant's only remaining co-defendant pleaded guilty during jury selection, outside of the presence of the jury, and the court admonished the jury that they must not draw any inference from his absence *(People v Mirenda,* 23 NY2d 439, 450-451).

We have considered defendant's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.