■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JONES, Appellant. [636 NYS2d 382] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 16, 1993, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to withdraw his plea of guilty on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The record shows that in response to the defendant's application to withdraw his plea of guilty on the basis, *inter alia,* of ineffective assistance of counsel, the defense counsel enumerated the many things he had done on the defendant's behalf to provide him with quality representation and specifically he controverted the defendant's contention that he had pressured the defendant into entering a plea of guilty. Under these circumstances, the "defendant's right to counsel was adversely affected when his attorney * * * became a witness against him" and the court "should not have proceeded to determine the motion without first assigning the defendant new counsel" *(People v Santana,* 156 AD2d 736, 737; *see also, People v Rozzell,* 20 NY2d 712; *People v Humbert,* 219 AD2d 674; *People v Wilson,* 91 AD2d 1052). Accordingly, the matter is remitted for a new hearing on the defendant's application at which the defendant shall be represented by appellate counsel. At this point, we express no opinion as to the merits of the defendant's application. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.