■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATSON, Appellant. [642 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered October 31, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Following defense counsel's peremptory challenge of panelist number five during the fourth round of jury selection, the prosecutor objected, pursuant to *People v Kern* (75 NY2d 638), and *People v Irizarry* (165 AD2d 715), that defense counsel had removed a disproportionate number of white men from the venire. Without objecting that the prosecutor had failed to establish a prima facie case of discrimination against a cognizable subgroup, defense counsel volunteered that he had challenged panelist number five because he had a "law enforcement connection". Immediately thereafter, defense counsel volunteered

reasons for his exercise of peremptory challenges against panelists in rounds one through four. The People did not suggest that the proffered reason as to the challenge to panelist number five was pretextual and the court did not determine that the reason was pretextual. Nevertheless, the court seated the juror over defense counsel's objection. In so doing, the court stated that several of the reasons proffered for jurors seated in earlier rounds were pretextual and explained that panelist number five was "the only male that I could do anything about".

Under these circumstances, where a satisfactory race and gender-neutral reason had been proffered for the panelist in question, and no subsequent determination of pretext had been made, the court's action of seating the panelist over defense counsel's objection deprived the defendant of his right to exercise peremptory challenges (*see, People v Allen,* 86 NY2d 101; *People v Jones,* 223 AD2d 559).

In light of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.