■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL TUCKER, Appellant. [683 NYS2d 315] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered May 1, 1996, upon a verdict convicting defendant of the crimes of robbery in the second degree and attempted robbery in the second degree.

Of the several issues raised by defendant, only two, pertaining to jury selection and the statutory right to be present at a material stage of the trial, require discussion. Defendant, an African American, asserts that the prosecutor's exercise of four of his 15 peremptory challenges against African Americans, leaving one in the venire to be sworn as an alternate juror, evidenced a discriminatory intent to exclude African Americans from his all-Caucasian jury in violation of his right to equal protection (*see*, *Batson v Kentucky*, 476 US 79, 96-98).

As limited by his brief, defendant argues that the People failed to offer a race-neutral explanation for striking prospective juror No. 4 in the third round of jury selection. The courts employ a three-step analysis "for evaluating claims that a prosecutor has used peremptory challenges in a manner violating the Equal Protection Clause" (*Hernandez v New York*, 500 US 352, 358; *see*, *Batson v Kentucky*, *supra*, at 96-98; *People v Allen*, 86 NY2d 101, 104; *People v Hernandez*, 75 NY2d 350, 355, *affd sub nom. Hernandez v New York*, 500 US 352). As was noted in *People v Allen* (*supra*): "First, the defendant must allege sufficient facts to raise an inference that the prosecution has exercised peremptory challenges for discriminatory purposes. * * * Second, if the requisite showing has been made, the burden shifts to the prosecution to articulate a neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the proffered reasons are pretextual" (*id.*, at 104 [footnote and citation omitted]).

Initially, the People argue that defendant failed to satisfy the first step in the analysis in that he has not alleged sufficient facts to raise an inference that the prosecutor exercised peremptory challenges for a discriminatory purpose. To establish a prima facie case of discrimination, a defendant is required to show "(1) that he or she is a member of a cognizable racial group, (2) that the prosecutor's use of peremptory challenges resulted in the exclusion of members of defendant's

race from the jury, and (3) facts and other relevant circumstances sufficient to raise an inference that the prosecutor used challenges for discriminatory purposes" (*People v Bolling*, 79 NY2d 317, 320).

Here, defendant has shown that he is a member of a cognizable racial group and that the prosecution's use of peremptory challenges resulted in the exclusion of members of his race from the petit jury. The prosecutor's exercise of peremptory challenges excluding the only two African Americans on the first two jury panels and the exclusion of two more from the only three remaining on the third panel, demonstrated a disproportionate number of strikes challenging African Americans within the venire and was enough, in our view, to raise an inference establishing a prima facie claim of the discriminatory use of peremptory challenges (*see, People v Hernandez*, 75 NY2d 350, 355, *supra*; *People v Scott*, 70 NY2d 420, 425; *People v Dabbs*, 192 AD2d 932, 933-934, *lv denied* 82 NY2d 707; *People v Duncan*, 177 AD2d 187, 193, *lv denied* 79 NY2d 1048) . Thus, County Court properly required the prosecutor to give a race-neutral explanation for striking juror No. 4 from the venire.

The prosecutor stated that he excluded juror No. 4 because he worked for the Center for Law and Justice which the prosecutor characterized as an organization that deals with police brutality, "basically dealing from the defendant's side of the case", and objected to having "effectively, a defense attorney" on the jury panel. County Court accepted that explanation as race-neutral and immediately struck juror No. 4 from the venire.

We agree that the explanation given by the People was race-neutral and, therefore, the prosecutor satisfied his burden of "production" under step two of the *Batson* protocol. At this juncture, however, County Court was required to move on to step three and determine whether the defense met its ultimate burden of "persuasion". "The focus at this third step is whether the 'race-neutral' explanation [was] a mere pretext for racial discrimination" (*People v Payne*, 88 NY2d 172, 181). In summarily upholding the People's peremptory challenge of juror No. 4, the court did not appear to give any consideration to pretext, nor was the basis of its ruling reflected in the record allowing for meaningful appellate review (*see, id.*, at 183-184). Were it not for our disposition of defendant's remaining issue, we would consider remitting this case to County Court for it "to make a step-three determination regarding whether the race-neutral reason proffered by [the People] was pretextual" (*People v Lowery*, 88 NY2d 172, 187).

We now turn to defendant's *pro se* argument that his statutory right to be present at a material stage of the trial (*see*, CPL 260.20) was impinged when County Court discharged a sworn juror in his absence. We find merit to this claim. "Defendant's fundamental right to be personally present at trial, as guaranteed by CPL 260.20, extends to the impaneling of the jury" (*People v Lamb*, 235 AD2d 829 [citation omitted]; *see*, *People v Antommarchi*, 80 NY2d 247, 250; *People v Morales*, 80 NY2d 450, 455). Because jury selection had not been completed, the court's inquiry into the disqualification of the particular juror was still part of the formal impaneling of the jury (*cf.*, *People v Mullen*, 44 NY2d 1, 6). Moreover, even if the disqualification hearing is viewed as an "ancillary proceeding" because the questioning concerned the juror's ability to remain objective through exploration of any bias, defendant had a right to be present under CPL 260.20 (*see*, *People v Sprowal*, 84 NY2d 113, 118; *People v Antommarchi, supra*, at 250; *People v Morales, supra*, at 456).

Defendant's remaining contentions are either academic in view of our determination or have been considered and found to lack merit.

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.