■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PARSON, Appellant. [722 NYS2d 412] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered January 26, 1999, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the evidence was legally insufficient to establish his guilt of robbery in the first degree. View-

ing the evidence in the light most favorable to the prosecution (*see, People v Williams,* 84 NY2d 925; *People v Wong,* 81 NY2d 600; *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt.

However, we grant a new trial based on the trial court's erroneous denial of the defendant's challenge to the prosecutor's peremptory strike of a black prospective juror pursuant to *Batson v Kentucky* (476 US 79). Contrary to the People's contentions, the defendant sufficiently preserved his current claim by arguing in the trial court that the reasons offered by the prosecutor for his peremptory challenge of a black female prospective juror, was a pretext for racial discrimination. Moreover, since the trial court expressly decided the point that the defendant is raising on appeal, the sufficiency of the prosecutor's race-neutral explanation was preserved for appellate review (*see,* CPL 470.05 [2]; *see also, People v Duncan,* 177 AD2d 187).

While a potential juror's residence and her status in a particular lawsuit may constitute legitimate race-neutral reasons for striking that juror, the concerns regarding those factors must be related to the factual circumstances of the case and the qualifications of the juror to serve on that case (*see, People v Jones,* 223 AD2d 559, 560; *People v McMichael,* 218 AD2d 671; *People v Richie,* 217 AD2d 84). Here, the prosecutor clearly failed to meet this burden and overcome the inference of discrimination which the defendant established (*see, People v Jones,* 223 AD2d 559; *People v Dabbs,* 192 AD2d 932, 933-934).

The defendant's remaining contentions are either without merit or academic in light of our determination. Santucci, J. P., Altman, Florio and Luciano, JJ., concur.