◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN PIERROT, Appellant. [735 NYS2d 589] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered October 19, 1999, convicting him of

robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

When a defendant raises a claim of discrimination pursuant to *Batson v Kentucky* (476 US 79) to a prosecutor's peremptory challenge, and the prosecutor's explanation is based on the prospective juror's employment, the explanation should be related to the facts of the case before the challenge is sustained (*see, People v Richie,* 217 AD2d 84, 88). The prosecutor challenged a juror because, as a result of her job as a corporate trainer in the affirmative action program of her employer, a construction company, and her background in equal opportunity, she might be sympathetic to the defendant. The Supreme Court erroneously accepted this explanation as a nonpretextual reason for the peremptory challenge to the prospective juror. Since the only fact of the case to which the prosecutor's explanation related is the defendant's race, which was the same as that of the prospective juror, the reason was clearly racially-based.

*People v Dabbs* (192 AD2d 932) is on point with this case. In *Dabbs,* the Court found that a similar explanation "was not founded upon the potential juror's employment status, as contended by the People, but, rather, upon the racially based and stereotypical perception of the potential juror as having a sympathetic attitude toward blacks and other minority groups" (*People v Dabbs, supra,* at 934). There, as here, the prosecutor failed to relate concerns about the prospective juror's employment to the facts of the case. For these reasons, this Court has invalidated peremptory challenges as well (*see, People v Bennett,* 206 AD2d 382, 384; *cf., People v Parson,* 282 AD2d 477, 478).

In view of the error in denying the defendant's *Batson* challenge, a new trial is ordered. Accordingly, it is unnecessary to reach the defendant's remaining contention. We note, however, that the remaining contention would have presented a close question, based on the denial of the defendant's challenge for cause to another juror, who lived in the neighborhood where the crimes occurred and expressed difficulty in remaining impartial due to her knowledge of prior robberies there (*see, People v Arnold,* 96 NY2d 358, 362). Santucci, J. P., Altman, Townes and Crane, JJ., concur.