| Last Name | First Name | Middle Name | Year admitted |
|---|---|---|---|
| BAGLEY | MARGARET | RUTH | 1996 |
| BANKER | JOHN | ALEXANDER | 1983 |
| BURKE | BRIAN | WILLIAM | 1996 |
| BYRD | RALPH | T. | 1980 |
| CARPENTER | ROBERT | EDMUND | 1975 |
| CLOSE | MICHAEL | FRANCIS | 1978 |
| COHEN | JEFFREY | ALAN | 1982 |
| DOLING | STUART | PHILIP | 1963 |
| DOOLEY | KATHLEEN | A. | 1986 |
| GROSS | DEBORAH | | 1967 |
| HALLENBECK | AMY | LOUISE | 1989 |
| HARTER | JOHN | LOWELL | 1982 |
| JUBA | PAULA | CATHERINE | 1983 |
| LAMARCHE | JEFFREY | DAVID | 1996 |
| LANGLITZ | MARK | J. | 1986 |
| LARSON | BRADLEY | PAUL | 1987 |
| MALYSZEK | CYNTHIA | S. | 1984 |
| MARVENTANO | DAVID | VINCENT | 1990 |
| PEARL | DAVID | | 1991 |
| POLLACK | JOSEPH | | 1965 |
| RINGWOOD | JOSEPH | FRANCIS | 1990 |
| ROTMAN | SCOTT | RANDALL | 1996 |
| SCHONENBERG | FREDERICK | G. | 1970 |
| TUCKER | MARY | CATHERINE | 1996 |
| YANUCK | CAROLYN | CANE | 1987 |

(July 3, 2003)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VAN HOESEN, Appellant. [761 NYS2d 404] —Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 1, 1999 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

After a jury trial, defendant was convicted of the crime of as-

sault in the second degree for his role as an accomplice in the beating of a victim by a codefendant. The trial testimony established that defendant instigated the beating by instructing the codefendant to strike the victim when the victim could not pay for illegal drugs provided by defendant, and by participating in the beating. Upon his conviction, defendant was sentenced as a predicate felon to a determinate term of seven years in prison. He now appeals, and we reverse, finding that Supreme Court's denial of defendant's *Batson* objection to the prosecution's peremptory challenge striking an African-American female was error because the challenge was used for a facially discriminatory purpose (*see Batson v Kentucky*, 476 US 79, 89 [1986]; *People v Bennett*, 206 AD2d 382, 383-384 [1994], *lv denied* 85 NY2d 859 [1995]).

Defendant's *Batson* objection was based on evidence that he is an African-American male, the prosecution peremptorily struck four of the six African Americans in the venire and at least one of the four had an apparent proprosecution background (*see People v Childress*, 81 NY2d 263, 266 [1993]; *People v Bolling*, 79 NY2d 317, 324-325 [1992]; *People v Tucker*, 256 AD2d 1019, 1020 [1998]). When Supreme Court asked the prosecutor if she wished to respond, she sought to provide an explanation for challenging both the juror alleged to be favorably disposed and the juror identified as No. 9 in the first round of voir dire, thereby undertaking the burden to provide a race-neutral reason for each of those two peremptory challenges (*see People v James*, 99 NY2d 264, 270 [2002]). By relying on juror No. 9's voir dire statements acknowledging her African-American background, the prosecutor failed to meet this burden.

The juror—employed as a teacher and married to a former state parole commissioner—stated: "The facts given to me, I will weigh the facts. That's basically all I can do. As an African-American female there are some I don't want to say biases, but there are some things that growing up that I have seen, I have heard but that's who I am. I put the facts in front of me and I will weigh the facts." When the prosecutor then asked whether the "extrinsic factor" of her perspective as an African-American female would enter into her decision, the juror stated, "Given the society that we live in like I said I will weigh the facts. I can't say one way or the other. Once the facts are presented to me I will weigh them." To this, the prosecutor responded, "I can't ask you anything more than that." When defendant made his *Batson* objection, the prosecutor noted that she had agreed to two African-American jurors and offered this "facially

neutral" reason for excluding juror No. 9: "When we were talking about extrinsic factors that may affect her ability to be fair she indicated that she specifically felt that she came from a perspective that she would look at things differently because of her background as an African-American. She indicated that that gave her a particular perspective that would affect how she saw things." At this time, the prosecutor also acknowledged that the juror's marriage to a former parole commissioner "did not affect me one way or another." Despite defendant's response that he was entitled to the juror's perspective as an African American, Supreme Court found this reason to be both race-neutral and nonpretextual.

We cannot agree. The prosecutor's stated reason for the peremptory challenge presumes that the juror's African-American background would lead her to favor defendant or otherwise impair her impartiality in weighing the evidence. There is, however, nothing in the juror's actual comments to suggest that her particular life experience as an African-American would improperly bias her in favor of defendant or against the prosecution. As a result, the prosecutor's explanation related only to the juror's race and the stereotypical assumption that an African-American perspective would be biased against the prosecution (*see People v Pierrot*, 289 AD2d 511, 512 [2001]; *People v Dabbs*, 192 AD2d 932, 934 [1993], *lv denied* 82 NY2d 707 [1993]). Because this explanation is facially discriminatory, defendant's equal protection rights were violated and, thus, reversal is required.

We are unpersuaded, however, by defendant's contention that Supreme Court abused its discretion in refusing to modify its pretrial *Sandoval* ruling when the court later issued a *Ventimiglia* ruling permitting the People to present evidence of defendant's prior drug dealings with the victim. Nor did Supreme Court err in its instruction to the jury regarding accessorial liability. The language of Penal Law § 20.00 and the relevant Criminal Jury Instruction (*see* CJ1[NY] 20.05, at 772-773) make it clear that the People were not required to establish that the codefendant was criminally liable in order to convict defendant as an accomplice. Defendant's remaining contentions are rendered academic by our determination.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.