■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PACHECO, Appellant. [764 NYS2d 426] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered April 2, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5½ to 11 years, and otherwise affirmed.

The court properly granted the People's application, and denied defendant's application, made pursuant to *Batson v Kentucky* (476 US 79 [1986]). We note initially that as to both sides' applications, the issue of whether a prima facie case of discrimination was established is moot because, in each instance, the court proceeded to the second and third *Batson* steps and ruled on the ultimate issue of discrimination (*People v James*, 99 NY2d 264, 270 [2002]).

With respect to the People's application, the record supports the court's finding that the nondiscriminatory reasons provided by defendant for the challenges in question were pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

With respect to defendant's application, after the prosecution explained its reason for the single challenge at issue, defense counsel remained silent and raised no objection when the court accepted that reason as nonpretextual. Thus, despite ample opportunity to do so, defendant failed to preserve his current claim for appellate review (*People v Allen*, 86 NY2d 101, 111 [1995]), and we decline to review it in the interest of justice. Were we to review defendant's claim, we would find that the record likewise supports the court's finding that the nondiscriminatory reason provided by the prosecutor for that challenge was nonpretextual. We note that the panelist in question

was the only member of the panel who claimed that a family member had been wrongly convicted of a crime.

In this observation sale case, when the defense indicated that it intended to argue that the amount of money recovered from defendant could not be reconciled with the number of bags of cocaine recovered from the buyer, this opened the door to the admission of limited expert testimony concerning the practices of street-level drug dealers (*see People v Brown*, 97 NY2d 500, 506-507 [2002]). The expert testimony concerned matters that would not likely be within the knowledge of the average juror, and it tended to explain how the alleged discrepancy could be reconciled. Defendant's remaining arguments relating to the expert testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We find the sentence to be excessive to the extent indicated. Concur—Saxe, J.P., Rosenberger, Williams, Lerner and Friedman, JJ.