■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVON ROMANCE, Appellant. [824 NYS2d 644]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered May 13, 2004, convicting defendant, after a

jury trial, of burglary in the second degree, kidnapping in the second degree, and robbery in the third degree, and sentencing him, as a persistent violent felony offender, to two consecutive terms of 25 years to life concurrent with a term of 3¹/₂ to 7 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the three challenges in question were not pretextual. The prosecutor noted that she challenged two of the panelists because they had no education beyond high school, and the instant case would involve extensive testimony regarding DNA evidence. As to the third, defendant did not preserve his present argument that the record fails to support the prosecutor's stated reason (*see e.g. People v Cunningham*, 21 AD3d 746, 748-749 [2005], *lv dismissed* 6 NY3d 775 [2006]), and we decline to reach it in the interest of justice. Were we to reach this issue, we would find that the record, along with reasonable inferences to be drawn therefrom, supports the prosecutor's assertion that the prospective juror had demonstrated a highly favorable attitude toward defendant that went beyond a mere respect for the presumption of innocence. We find no reason to disturb the court's determination to credit the prosecutor's explanations, a finding that is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The court properly determined that defendant had waived his right to be present at various stages of his trial by refusing to be produced in the courtroom (*see People v Epps*, 37 NY2d 343, 349-351 [1975], *cert denied* 423 US 999 [1975]). A defendant who deliberately fails to appear at his or her ongoing trial may be held to have waived the right to be present, even without a prior warning that the trial will continue in the defendant's absence (*see People v Sanchez*, 65 NY2d 436 [1985]). Here, the court did warn defendant of his right to be present, and it repeatedly warned him that the trial would proceed without him if he failed to appear. Contrary to defendant's assertions, the record supports the court's determination that defendant knowingly and deliberately refused to come to court. Defendant was not entitled to set conditions under which he would agree to come out of the holding cell, relating to when and where he wished to speak with his attorney. We note that defendant received a full opportunity to consult with his counsel at all appropriate stages of the trial.

The court properly denied defendant's motion to disqualify a

deliberating juror as "grossly unqualified" (CPL 270.35 [1]), and for a mistrial (the alternates having already been discharged). After the juror reported that she had been contacted by phone by someone who asked why she was "sending his friend away," the court conducted a "probing and tactful" inquiry (*People v Buford*, 69 NY2d 290, 299 [1987]) into the circumstances of the call, and obtained unequivocal assurances from the juror that the incident would not affect her ability to deliberate impartially (*see People v Sher*, 24 NY2d 454 [1969], *cert denied* 396 US 837 [1969]; *People v Konigsberg*, 137 AD2d 142, 148-149 [1988], *lv denied* 72 NY2d 1046 [1988]; *see also Bell v Coughlin*, 778 F Supp 164, 171-172 [SD NY 1991]). Even applying a standard in which this type of communication with a juror creates a presumption of prejudice (*see Remmer v United States*, 347 US 227, 229 [1954]), such presumption was overcome. In any event, although this evidence was discovered after trial and did not play a role in the court's determination concerning the juror, it should be noted that at sentencing the prosecutor presented extensive evidence supporting the conclusion that defendant was responsible for the anonymous call, and that he also tried to tamper with other jurors as well as with a witness.

Defendant's argument that the kidnapping charge merged with the robbery count is unpreserved (*see People v Grega*, 72 NY2d 489, 497 n 2 [1988]), and we decline to reach it in the interest of justice. Were we to reach this claim, we would find that defendant could have easily completed the robbery when he first accosted the victim. Instead he led her to the roof of the building, where he tied her up, stripped her nearly naked, and masturbated. Under these circumstances, the restraint of the victim was not merely incidental to the robbery (*see People v Taylor*, 184 AD2d 218 [1992], *lv denied* 80 NY2d 897 [1992]; *People v Rodena*, 170 AD2d 418 [1991], *lv denied* 77 NY2d 966 [1991]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.