■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL BROUGHTON, Appellant. [834 NYS2d 868]— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Smith, J.), rendered August 3, 2004, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 84 [1982]).

The defendant's contention raised in Point Six of his brief, relating to alleged juror misconduct, is without merit. The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.

Motion by the appellant, inter alia, to provide him with copies of the transcripts of the complainant's testimony before the grand jury on an appeal from a judgment of the Supreme Court, Westchester County, rendered August 3, 2004. By decision and order on motion of this Court dated January 30, 2006, that branch of the motion which was to provide the appellant with copies of the transcripts of the complainant's testimony before the grand jury was referred to the Justices hearing the appeal, to be determined after an in camera review of the minutes in question.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the court's in camera review of the minutes in question, it is,

Ordered that the branch of the motion which was to provide the appellant with copies of the transcripts of the complainant's testimony before the grand jury is denied. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.