THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FOWLER, Appellant. [845 NYS2d 599]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered February 1, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree and dismissing count five of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), criminal use of a firearm in the first degree (§ 265.09 [1] [b]) and criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that there were two *Batson* violations based on the prosecutor's peremptory challenges to two prospective jurors. Contrary to the contention of the People, we conclude that defendant preserved his contention for our review. We further conclude, however, that the prosecutor offered nonpretextual explanations for exercising peremptory challenges with respect to the two prospective jurors. The first challenged prospective juror stated that he has an incarcerated cousin who contends that he was wrongly convicted, thus providing the prosecutor with a nonpretextual explanation for challenging that prospective juror (*see People v Pacheco*, 308 AD2d 403 [2003]; *People v Issac*, 265 AD2d 190 [1999], *lv denied* 94 NY2d 904 [2000]; *see also People v Cuthrell*, 284 AD2d 982 [2001]). The second challenged prospective juror stated that she had both good and bad experiences with police officers "[b]ecause [she was] a woman, because [she was] a Latino, [and] because [she had] an accent." The prosecutor could reasonably believe based on that statement that the prospective juror may have mistrusted police officers (*see People v Cunningham*, 21 AD3d 746, 748 [2005], *lv dis-*

*missed* 6 NY3d 775 [2006]; *cf. People v Van Hoesen,* 307 AD2d 376, 378 [2003]).

Contrary to the further contention of defendant, we conclude that "the mistake of [defense] counsel with respect to [the] minimum sentence does not rise to the level of ineffective assistance of counsel" (*People v Modica,* 64 NY2d 828, 829 [1985]). We further conclude that County Court properly admitted *Molineux* evidence concerning a prior altercation between defendant and an eyewitness to the shooting. That evidence was relevant to establish defendant's intent, identity and motive in shooting at the eyewitness and a group of his friends, including the victim (*see e.g. People v Lee,* 284 AD2d 412 [2001], *lv denied* 96 NY2d 921 [2001]; *People v Wheeler,* 257 AD2d 673 [1999], *lv denied* 93 NY2d 930 [1999]; *see generally People v Allweiss,* 48 NY2d 40, 47 [1979]).

As the People correctly concede, however, criminal possession of a weapon in the second degree is an inclusory concurrent count of criminal use of a firearm in the first degree and, "under the circumstances of this case[,] defendant could not have committed the crime of criminal use of a firearm without committing the crime of criminal possession of the same firearm" (*People v Luster,* 148 AD2d 305, 306 [1989], *lv denied* 74 NY2d 666 [1989]). We therefore modify the judgment accordingly (*see id.; see also People v Dinsio,* 286 AD2d 517, 520 [2001], *lv denied* 97 NY2d 703 [2002], *cert denied* 536 US 942 [2002]). The sentence on the remaining two counts is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.