■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY MILES, Appellant. [864 NYS2d 28]—

Judgments, Supreme Court, Bronx County (Martin Marcus, J., at hearing; Thomas Farber, J., at plea, trial and sentence), rendered October 6, 2005, convicting defendant, after a jury

trial, of criminal possession of a controlled substance in the third degree, and convicting him, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to meet his step-three burden of demonstrating that the facially race-neutral explanations given by the prosecutor were a pretext for racial discrimination (*see People v Payne*, 88 NY2d 172, 183 [1996]). After the prosecutor explained that she challenged the panelists at issue because of their inattentive demeanor during her voir dire examination, defense counsel merely made the observation that he did not personally notice any inattentiveness. Although the court admitted that it was unable to either confirm or contradict the prosecutor's observation of inattentive demeanor because it had not been watching the panelists during the prosecutor's questioning, it expressly credited the prosecutor and found that the demeanor-based reasons she provided for the challenges in question were not pretextual. This factual determination is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). We do not read *Snyder v Louisiana* (552 US —, 128 S Ct 1203 [2008]) as absolutely prohibiting a trial court from accepting a demeanor-based reason as nonpretextual unless the court personally observes the demeanor trait cited by the challenging party (*but see Haynes v Quarterman*, 526 F3d 189, 198-200 [5th Cir 2008]). Here, we conclude that the court satisfied *Snyder*'s concerns when it made an express factual finding that the prosecutor "credibly relied on demeanor in exercising a strike" (552 US at —, 128 S Ct at 1209).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), including its resolution of any discrepancies between a police witness's testimony and his paperwork. Probable cause for defendant's arrest was established by testimony that he met a detailed description of a person who had just made an apparent drug sale.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. There was ample evidence of defendant's intent to sell, including evidence warranting the conclusion that he made several contemporaneous drug sales. Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.