■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BLACK, Appellant. [886 NYS2d 460]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered May 1, 2006, convicting him of robbery in the first degree, assault in the third degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) as to three jurors: Tyrone Thomas, Angela Gordon, and Tanya Williams. Under *Batson,* a peremptory challenge to a prospective juror based on race violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (*see People v Payne,* 88 NY2d 172, 181 [1996]). Whether a peremptory challenge constitutes racial discrimination is determined using a three-step test (*id.* at 181). First, the party contesting the peremptory challenge must make a prima facie showing that the challenge relates to the race of the prospective juror sought to be removed (*id.*). Second, if the prima facie showing is made, the party asserting the peremptory challenge must then provide a race-neutral reason for exercising the challenge (*id.*). If the reason proffered is facially neutral, it will be deemed race-neutral (*see People v Allen,* 86 NY2d 101, 109-111 [1995]). Third, the court must determine whether the party contesting the peremptory challenge has carried his or her burden of proving purposeful discrimination by showing that the proffered race-neutral reason is pretextual (*see Hernandez v New York,* 500 US 352, 363 [1991]).

The defendant was convicted of robbery and related charges that involved victims acting in the scope of their employment.

Under the circumstances of this case, the reasons proffered

by the prosecutor for the peremptory challenges to Tyrone Thomas and Angela Gordon were race-neutral. In response, the defendant failed to satisfy his burden of demonstrating discrimination by showing that these reasons were pretextual (*see Hernandez v New York*, 500 US 352, 365 [1991]; *People v Wells*, 7 NY3d 51, 58 [2006]; *cf. People v Parson*, 282 AD2d 477, 478 [2001]; *People v Jones*, 223 AD2d 559, 560 [1996]).

In response to the defendant's *Batson* challenge regarding Tanya Williams, the prosecutor stated that a peremptory challenge was used to remove Williams because she lacked employment, as well as a high school education. A person's employment or lack of employment may, in an appropriate case, constitute a legitimate race-neutral reason for exclusion when the concern regarding a potential juror's employment status relates to the factual circumstances of the case (*see People v Williams*, 199 AD2d 445, 446 [1993]; *People v Duncan*, 177 AD2d 187, 194-195 [1992]). Likewise, a prospective juror's lack of education beyond high school can provide a sufficiently race-neutral reason to challenge a juror (*see People v Romance*, 35 AD3d 201, 202 [2006]; *see generally People v Hinds*, 270 AD2d 891 [2000]). Under the circumstances of this case, the defendant failed to carry his ultimate burden of demonstrating discrimination by showing that the asserted reasons for the challenge to Williams, namely Williams's lack of any employment, combined with the absence of a high school degree, were pretextual (*see People v Thompson*, 45 AD3d 876, 877 [2007]).

Contrary to the defendant's contention, his right to be present at all material stages of the trial was not violated when, in the presence of counsel, the Supreme Court conducted in camera questioning of each juror for possible disqualification after being advised that a juror had been threatened and had informed the other jurors of the threat (*see People v Torres*, 80 NY2d 944 [1992]; *People v Darby*, 75 NY2d 449, 453 [1990]; *People v Mullen*, 44 NY2d 1, 5-6 [1978]).

The defendant's contention relating to alleged juror misconduct is without merit (*see People v Broughton*, 40 AD3d 1007 [2007]).

The defendant's argument alleging ineffective assistance of counsel, as set forth in his supplemental pro se brief, is without merit (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Skelos, Dillon and Covello, JJ., concur.

Spolzino, J.P., dissents, and votes to reverse the judgment and remit the matter to the Supreme Court, Kings County, for a

new trial, with the following memorandum: I agree that the prosecutor was entitled to exercise a peremptory challenge with respect to juror Tyrone Thomas, without running afoul *Batson v Kentucky* (476 US 79 [1986]), based upon the prosecutor's view of Thomas's demeanor, as confirmed by the observations of the trial judge (*see People v Miles*, 55 AD3d 307 [2008]). As I see it, however, the defendant established a *Batson* violation with respect to the prosecutor's exercise of peremptory challenges to strike jurors Angela Gordon and Tanya Williams by demonstrating that any concern with respect to their lack of employment bore no relation to the facts of the case (*see People v Hall*, 64 AD3d 665 [2009]; *People v Patterson*, 12 AD3d 694, 694-695 [2004]; *People v Campos*, 290 AD2d 456, 457 [2002]; *People v McMichael*, 218 AD2d 671 [1995]) and that Gordon's place of residence was not related to the factual circumstances of the case (*see People v Parson*, 282 AD2d 477, 478 [2001]; *People v Jones*, 223 AD2d 559, 560 [1996]). Similarly, while there are cases in which the complexity of the proof would make Williams's lack of a high school diploma a legitimate concern (*see e.g. People v Romance*, 35 AD3d 201 [2006]), this is not one of them. I would, therefore, reverse the conviction and grant the defendant a new trial (*see People v Hall*, 64 AD3d 665 [2009]).