OPINION OF THE COURT
Memorandum."
The order of the Appellate Division should be modified and the case remitted to Supreme Court for resentence and, as so modified, should be affirmed.
The voluntariness of defendant’s plea involves a mixed question of law and fact beyond the review powers of this court (People v Harrison, 57 NY2d 470, 477). Moreover, the mistake of counsel with respect to minimum sentence does not rise to the level of ineffective assistance of counsel, the test being “reasonable competence”, not perfect representation (People v Baldi, 54 NY2d 137,146), there being no question that the bargained-for sentence, though not in fact the minimum, was substantially less than the maximum, and no question that the Trial Judge and both attorneys were laboring under the same misapprehension.
But though the plea cannot be set aside for either of the foregoing reasons, the sentence, which was imposed as a second violent felony offender although the predicate offense was not designated a violent felony until 24 days after defendant committed the robbery as to which he pleaded guilty, was illegal and, therefore, as the People conceded on oral argument, there must be a remand for resentencing.
*830 Chief Judge Wachtler arid Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order modified and case remitted to Supreme Court, Suffolk County, for resentence in accordance with the memorandum herein and, as so modified, affirmed.