■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Kepner, J.), rendered March 27, 1984, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At the trial, the defendant's counsel introduced into evidence the defendant's arrest card in order to establish what type of clothing the defendant was wearing at the time of his arrest. The defense counsel apparently failed to note that the arrest card also contained information indicating that the defendant's prior convictions involved: "Armed Robbery, Gun charges", and he consequently did not ask to have this information redacted prior to the admission into evidence of the card. However, we disagree with the defendant's contention that the admission into evidence of the unredacted arrest card rendered ineffective his trial counsel's representation.

A review of the trial record confirms that the defendant received effective assistance of counsel. Defense counsel obtained a partially favorable Sandoval ruling, limiting the cross-examination of the defendant to the fact that he had two prior felony convictions and one misdemeanor conviction; he actively participated in jury selection; his opening logically outlined the defendant's case and previewed what counsel urged was an inadequate police investigation which, he contended, would result in deficiencies in the People's proof. Further, he conducted a thorough and extensive cross-examination of the People's witnesses and presented an extensive defense case, consisting of five witnesses, in addition to the defendant testifying in his own behalf. Indeed, the trial court complimented the defense counsel "for the competent, courte-

ous and thoroughly professional manner" in which he tried the case.

The test of reasonable competence does not require perfect representation, and that test has been met here (see, People v Modica, 64 NY2d 828, 829; People v Baldi, 54 NY2d 137, 146-147). The inadvertent introduction of the information concerning the defendant's prior convictions did not substantially prejudice his case. The jury was already aware that the defendant had been previously convicted of two felonies and one misdemeanor. In view of the strength of the People's case against the defendant, and the trial court's clear instructions to the jury that any evidence concerning prior crimes committed by a witness was admitted solely to aid in assessing his credibility as a witness and must not be considered for any other purpose, there is no significant possibility that the jury would have acquitted the defendant had it never learned the nature of the prior convictions. Therefore, any error was harmless (see, People v Crimmins, 36 NY2d 230, 242).

The other issues raised by the defendant are either unpreserved for our review or without merit. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.