■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY GAGLIARDI, Respondent.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), entered February 9, 1989, convicting defendant, upon his plea of guilty, to the crime of Attempted Insurance Fraud in the First Degree (Penal Law §§ 110.00, 176.30), and sentencing him to a term of probation, which is to terminate upon the payment of a fine of $2,500.00, is unanimously modified, on the law and on the facts, to the extent of vacating the sentence and remanding the matter to Criminal Term for further proceedings, with

leave to the People to withdraw their consent to the plea, if so inclined, and otherwise affirmed.

Following indictment, and, after being advised by counsel, pursuant to a negotiated agreement, defendant pled guilty of the crime of Attempted Insurance Fraud in the First Degree, which is a Class C felony, in full satisfaction of a nine count indictment. At the time of the plea, Criminal Term stated that, after receiving the probation report, it intended to impose a sentence of probation, a fine and restitution upon defendant.

Specifically, as to the amount of the fine, Criminal Term cautioned defendant and his counsel that, if the probation report indicated that the defendant had assets, such as a house, real estate, or any other property of value, it would then impose a $5,000.00 fine. In response, the defendant, after again consulting with his counsel, acknowledged that he understood that condition of the plea.

Subsequently, on the date of sentencing, the People informed Criminal Term that defendant owned a home, and an automobile, which he transferred to his daughter prior to sentencing. After receiving that information, Criminal Term sentenced defendant to pay a $2,500.00 fine, although the People's consent to the plea included a $5,000.00 fine, and to a term of probation. When defendant's counsel requested the Court to clarify the length of the probation term, Criminal Term, over the People's objection, replied that the term of probation would terminate upon the payment of the fine.

In pertinent part, Criminal Term stated: "let the record note, we've had a conference at the bench wherein the district attorney reminded the Court that the agreement was that [defendant is] to be placed on probation and that [he would have] to pay [a fine]. Nothing was said about terminating probation, as I've indicated here today. However, notwithstanding what the understanding was, the Court makes the following determination by way of sentence: As to Anthony Gagliardi his probation will terminate upon the payment of his twenty-five hundred dollars fine".

The People appeal. We note that, although personnel of this Court's Clerk's Office have advised defendant, both by telephone and registered mail, of the pendency of the appeal, defendant has not submitted a respondent's brief.

The People contend that Criminal Term's sentence is invalid, since the fine imposed and the term of probation were less than that originally negotiated. In support of this posi-

tion, the People point out, *inter alia,* that, in view of the fact that the term of probation permitted to be imposed for the commission of class C felony, such as the type committed herein, is five years (Penal Law § 65.00 [3] [a] [i]), they reasonably expected Criminal Term to impose a probation term of such length on defendant, rather than imposing a term which could expire as soon as the fine was paid.

Although the sentencing function rests primarily with the Court *(People v Farrar,* 52 NY2d 302, 306 [1981]), it is well established law that "[w]here the record shows that the prosecutor's consent to a plea is premised on a negotiated sentence and a lesser sentence is later deemed more appropriate, the People should be given the opportunity to withdraw their consent" *(People v Farrar, supra,* at 307-308; *People v Martinez,* 124 AD2d 505, 505-506 [1st Dept 1986]).

Based upon our analysis of the legal authority, *supra,* and our examination of the instant record, we find that Criminal Term erred, when it imposed both a lesser fine and probation sentence than the one negotiated, without affording the People an opportunity to withdraw their consent. Significantly, Criminal Term admitted that it imposed the lesser sentence, "notwithstanding what the understanding was".

Accordingly, we modify the judgment, vacate the sentence and remand the matter, with leave to the People to withdraw their consent to the plea, if so inclined. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.