■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS ESPOSIT, Respondent. [595 NYS2d 85] —Appeal by the People from a sentence of the Supreme Court, Suffolk County (Mullen, J.), rendered January 27, 1992, and imposing sentence of a term of five years probation and restitution of $1,713,958 payable over a three-year period, upon the defendant's conviction of grand larceny in the second degree, upon his plea of guilty.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing, with leave to the People to withdraw their consent to the plea, if they be so advised.

As part of a negotiated plea of guilty, the defendant agreed to make restitution prior to sentencing. However, at sentencing, the sentencing court granted him three additional years to make restitution. Although the sentencing court had discretion to impose a sentence other than that originally negoti-

ated *(see, People v Farrar,* 52 NY2d 302), the court should have either imposed the agreed-upon sentence or allowed the People to withdraw their consent to the defendant's plea when it determined that the defendant should be permitted to make restitution payments over a period of time, instead of completing restitution prior to sentencing. Therefore, we remit the matter for resentencing *(see, People v Gagliardi,* 170 AD2d 346; *People v Gannon,* 162 AD2d 818).

In the event the People withdraw their consent to the plea, the court, in determining whether the plea should be vacated, must consider whether there are circumstances militating against vacatur of the plea, including, *inter alia,* whether the parties may be restored to the status quo ante *(see, People v Farrar, supra,* at 308). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.