■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PALMA, Appellant. [760 NYS2d 472] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered May 19, 2000, as amended July 16, 2001, convicting defendant, upon his plea of guilty, of vehicular manslaughter in the second degree, vehicular assault in the second degree and leaving the scene of an incident without reporting, and sentencing him, as a second felony offender, to an aggregate term of $4^1/_2$ to 10 years, unanimously affirmed.

Defendant pleaded guilty and agreed to an aggregate sentence of 5 to 10 years at a time when his attorney, the prosecutor and the court were all under the mistaken impression that the maximum aggregate sentence that could be imposed in this case was $5^1/_2$ to 11 years. However, it is now undisputed that the maximum aggregate sentence permitted was $4^5/_6$ to 11 years. Defendant brought a motion to vacate

judgment and set aside sentence pursuant to CPL 440.10 and 440.20, respectively, and the court granted the motion to the extent of reducing defendant's sentences so that the aggregate term became 4½ to 10 years.

We conclude that defendant's plea was voluntary and that he received effective assistance of counsel. Counsel's slight miscalculation of defendant's sentence exposure, shared by the court and prosecutor, did not fall outside the range of competence required of an attorney (*People v Modica*, 64 NY2d 828 [1985]; *see also McMann v Richardson*, 397 US 759, 711 [1970]). Furthermore, counsel's error did not cause any prejudice (*see Hill v Lockhart*, 474 US 52 [1985]). The record warrants the conclusion that there is no reasonable possibility that defendant would have insisted on a trial had he known that the correct sentence exposure was 4⅚ to 11 years instead of 5½ to 11 years. Finally, the reduction of sentence provided an appropriate remedy. The new aggregate term was lower than the correctly calculated maximum exposure, in approximate proportion to the relationship between the original aggregate term and the miscalculated exposure.

Nothing in defendant's plea allocution casts doubt on his guilt (*see People v Toxey*, 86 NY2d 725 [1995]). After initially denying driving while intoxicated, an essential element of the vehicular manslaughter and assault charges, defendant then agreed with the court's factual recitations, including the fact that his blood alcohol level was well over the standard of intoxication. Accordingly, his intoxication can be reasonably inferred from the facts he admitted (*see People v McGowen*, 42 NY2d 905 [1977]).

We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.