■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO RODRIGUEZ, Appellant. [811 NYS2d 752]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 1, 2003, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty to attempted burglary in the second degree and the sentence imposed thereon are vacated, the defendant's plea of guilty to two counts of burglary in the second degree is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing, after permitting the defendant the opportunity either to accept the sentence of the court or to withdraw his plea of guilty.

On August 26, 1999 the defendant pleaded guilty to one count of attempted burglary in the second degree (hereinafter the 1999 plea). The People premised their consent to the plea on the condition that the defendant would be sentenced, as a persistent violent felony offender, to an indeterminate term of imprisonment of 12 years to life.

On August 11, 2000 after a hearing, the Supreme Court determined that the defendant should not be adjudicated a persistent violent felony offender (*see* CPL 400.20). Since the court concluded that it could not sentence the defendant to the term of imprisonment upon which the People's consent was premised, it permitted the People to withdraw their consent to the 1999 plea and vacated the plea (*see* CPL 220.10 [4]; *People v Farrar,* 52 NY2d 302, 307-308 [1981]; *People v Esposit,* 191 AD2d 580 [1993]; *People v Tomlinson,* 162 AD2d 563 [1990]).

On August 23, 2000, the defendant pleaded guilty to two counts of burglary in the second degree (hereinafter the 2000 plea), without the People's consent. The defendant was adjudicated a second felony offender and sentenced to an indeterminate term of imprisonment of 6 to 12 years on each count, to run concurrently.

Subsequently, the Supreme Court determined that the sentence imposed was illegal. On September 6, 2000 the Supreme Court held a hearing at which the defendant appeared and, upon the defendant's consent, vacated the sentence previously imposed on the 2000 plea and resentenced him, as a second felony offender, to two determinate terms of imprisonment of seven years, to run concurrently.

The People appealed from the sentence imposed September 6, 2000 on the ground that the Supreme Court improperly adjudicated the defendant a second felony offender and should have sentenced him as a persistent violent felony offender (*see People v Rodriguez,* 301 AD2d 616 [2003]). This Court concluded that the Supreme Court erred in determining that the defendant's prior, unrelated 1986 conviction was unconstitutionally obtained for the purpose of determining his status as a persistent violent felony offender (*id.*). Thus, this Court reversed the sentence imposed September 6, 2000, vacated the adjudication of the defendant as a second felony offender, and remitted the matter to the Supreme Court, Suffolk County, inter alia, to determine whether the defendant should be adjudicated a persistent violent felony offender (*id.*).

By motions dated May 22, 2003 and May 26, 2003, respectively, the defendant, inter alia, moved pursuant to CPL 440.10 (1) (a), (b), and (h), to vacate the 2000 plea and to dismiss the indictment on the ground that following the vacatur of the 1999 plea, the 2000 plea was in violation of constitutional and statutory prohibitions against double jeopardy. By order dated June 30, 2003 the Supreme Court, inter alia, denied those branches of the defendant's motions which were to vacate the 2000 plea and, upon vacating the 2000 plea, dismissed the indictment. Rather, the Supreme Court vacated the 2000 plea and, without the defendant's consent, reinstated the 1999 plea.

After a hearing on October 3, 2003, by order dated November 19, 2003, the Supreme Court, upon remittitur, adjudicated the defendant a persistent violent felony offender. On December 1, 2003 the Supreme Court sentenced the defendant on his conviction of attempted burglary in the second degree, upon his 1999 plea, as a persistent violent felony offender, to an indeterminate term of imprisonment of 12 years to life. The Supreme Court

rejected the defendant's contention that the conviction was in violation of his statutory and constitutional rights against double jeopardy. The defendant appeals.

The defendant, in essence, contends that because the Supreme Court improperly vacated his 1999 plea, his 2000 plea constituted a violation of his statutory and constitutional rights against double jeopardy. The defendant contends that, upon vacating the 2000 plea, the Supreme Court should have dismissed the indictment in its entirety based upon that alleged violation. This contention is without merit.

Contrary to the defendant's contention, the Supreme Court properly vacated the 1999 plea, as the People's consent was conditioned on the defendant's adjudication as a persistent violent felony offender (*see* CPL 220.10 [4]; *People v Farrar, supra* at 307-308; *People v Esposit, supra; People v Tomlinson, supra*). Since the Supreme Court properly vacated the 1999 plea when the People withdrew their consent to it, jeopardy did not attach. Thus, the defendant's rights against double jeopardy were not implicated. Nevertheless, the Supreme Court did not have the inherent power to vacate the 2000 plea and, without the defendant's consent, reinstate the 1999 plea (*see Matter of Campbell v Pesce*, 60 NY2d 165 [1983]). While the court has the inherent power to correct its own error in connection with accepting a plea or imposing a sentence (*see e.g. People v Wright*, 56 NY2d 613 [1982]; *People v Minaya*, 54 NY2d 360 [1981], *cert denied* 455 US 1024 [1982]), in no instance has the Court of Appeals recognized "a court's inherent power to vacate a plea and sentence over defendant's objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment" (*Matter of Campbell v Pesce, supra* at 169). In addition, in the absence of fraud, misrepresentation, deceit, or trickery (*see Matter of Lockett v Juviler*, 65 NY2d 182 [1985]), courts have no inherent power to set aside a plea of guilty absent the defendant's consent (*see People v Prato*, 89 AD2d 860 [1982]). Thus, in the absence of fraud, misrepresentation, deceit, or trickery, and since the Supreme Court did not vacate the 2000 plea and reinstate the 1999 plea to correct an error, the 2000 plea should be reinstated and the matter remitted to the Supreme Court, Suffolk County, for resentencing in accordance with the Supreme Court's finding that the defendant should be sentenced as a persistent violent felony offender. However, since the defendant's 2000 plea was conditioned upon the imposition of two concurrent seven-year terms of imprisonment, the defendant must be afforded the opportunity to withdraw that plea, if he be so advised (*see People v Hollis*, 309 AD2d 764 [2003]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.