■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. OLMSTEAD JR., Appellant. [910 NYS2d 232]—

Kavanagh, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 9, 2009, convicting defendant upon his plea of guilty of the crime of leaving the scene of an incident without reporting.

In September 2008, defendant was arraigned on an indictment that charged him with leaving the scene of an incident without reporting and two counts of tampering with physical evidence. These charges stemmed from an incident that occurred in March 2008 where defendant, while operating a motor vehicle, was alleged to have struck and killed a 12-year-old boy who was riding a snowmobile. Defendant failed to report the accident and was alleged to have placed animal hair on the area of his vehicle that had been damaged to make it appear as if he had struck a deer. In an unrelated matter, defendant was charged in a separate indictment with two counts of driving while intoxicated as a felony.[1] In October 2008, while represented by a different attorney on each indictment, defendant entered guilty pleas to leaving the scene of an incident without reporting and driving while intoxicated as a felony in return for a commitment that he would receive concurrent prison terms of 2 to 6 years and 1⅓ to 4 years, respectively.

When defendant appeared for sentence, County Court

1. At the time of his indictment, defendant had a prior conviction for driving while intoxicated as a felony.

indicated that it was unable to abide by the terms of the plea agreement because of statements that were made by defendant during the presentence investigation in which he denied knowing that he had struck anyone at the time of the accident. Without objection, the court vacated defendant's guilty plea to the charge of leaving the scene of an incident without reporting and permitted him to withdraw his guilty plea to the charge of driving while intoxicated.

Three months later, defendant reappeared in County Court with Brian Pilatzke, his attorney on the driving while intoxicated charge, again entered guilty pleas to leaving the scene of an incident without reporting and driving while intoxicated, and waived his right to appeal. James Monroe, his attorney on the leaving the scene of an incident charge, was not present, but all parties—including defendant—had previously agreed in a prior proceeding that Pilatzke would represent defendant on both indictments when defendant formally entered his guilty plea. Defendant was ultimately sentenced to consecutive prison terms of 2⅓ to 7 years on the leaving the scene of an incident without reporting conviction and 1 to 3 years on the driving while intoxicated conviction.

Defendant now appeals from his conviction for leaving the scene of an incident because Monroe was not present when he entered his guilty plea to that charge and, as a result, he contends that he was deprived of his right to counsel.[2] Moreover, he argues that it was an abuse of discretion for County Court, on its own motion, to vacate his guilty plea and to refuse to sentence him in accord with the original plea agreement.

As for defendant's claim that County Court should not have accepted his guilty plea to leaving the scene of an incident without reporting in Monroe's absence, we note that Pilatzke had participated in all of the negotiations that culminated in defendant entering a guilty plea to the charges contained in both indictments. In addition, while both indictments were never formally consolidated, they had, in effect, been prosecuted jointly and were processed by County Court in the same proceedings. As a result, Pilatzke was fully apprised of the details regarding the plea agreement and had been advised by Monroe on how to proceed at the time defendant was to enter his guilty plea. More importantly, Monroe's absence at the time the plea was entered had been fully discussed by all involved at a prior conference with the court, and both Monroe and defendant

---

**2.** Defendant had also filed a notice of appeal from his judgment of conviction of driving while intoxicated. Counsel submitted an *Anders* brief and this Court affirmed that conviction (*People v Olmstead*, 70 AD3d 1067 [2010]).

agreed that Pilatzke would represent defendant when he formally entered guilty pleas to both charges. Finally, during his plea allocution, defendant informed the court that while he was aware that Monroe would not be present at the time he entered his guilty plea, he had discussed the particulars of the plea agreement with him and was willing to enter a guilty plea as to both charges in Monroe's absence while being represented by Pilatzke.

To the extent that defendant's claim of ineffective assistance of counsel impacted the voluntariness of his plea, while such a claim would survive his waiver of the right to appeal, it was not preserved by either a motion to withdraw the plea or vacate his judgment of conviction (*see People v Holmes*, 75 AD3d 834 [2010]; *People v Singh*, 73 AD3d 1384, 1385 [2010], *lv denied* 15 NY3d 809 [2010]).

Finally, defendant argues that County Court abused its discretion by refusing to honor the terms of the original plea agreement and, on its own motion, vacating his guilty plea. However, defendant did not object when the court vacated his guilty plea, and such a claim is precluded by his valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Moreover, defendant's statements in the presentence investigation—none of which he denied making—cast significant doubt on the integrity of his plea allocution and provided ample justification for the court's determination that it could not abide by the terms of the plea agreement (*see generally People v Wagoner*, 30 AD3d 629, 630 [2006]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.