■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK TATUM, Appellant. [918 NYS2d 804]—

Kavanagh, J.

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court sentenced him as a second felony drug offender to a prison term of eight years, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant claims that he received the ineffective assistance of counsel in that he was not advised of statutory changes, enacted shortly before his sentencing, that lowered the minimum permissible prison term in his case (*see* Penal Law § 70.70 [3] [b] [i]; *see also* L 2009, ch 56, part AAA, §§ 23, 33 [f]). While his argument survives his appeal waiver to the extent that it implicates the voluntariness of his plea, it is unpreserved for our review given his failure to move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Olmstead*, 77 AD3d 1179, 1181 [2010]; *People v Peterkin*, 77 AD3d 1017 [2010]). In any event, defendant has an extensive criminal history and was sentenced to a prison term well above either the pre- or postamendment minimum, and counsel's alleged failure to consider the amendment did not deprive defendant of meaningful representation (*see People v Modica*, 64 NY2d 828, 829 [1985]; *People v Palma*, 305 AD2d 333, 334 [2003], *lv denied* 100 NY2d 644 [2003]).

Defendant's challenge to the knowing and voluntary nature of his guilty plea is similarly unpreserved for our review, and he made no statements during the plea colloquy that would bring this case within the narrow exception to the preservation rule (*see People v Martinez*, 79 AD3d 1378, 1378-1379 [2010]; *People*

*v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15 NY3d 809 [2010]). His valid appeal waiver forecloses his remaining attack upon the agreed-upon sentence as harsh and excessive (*see People v Singh*, 73 AD3d at 1385).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.