■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN RIVERA, Respondent. [935 NYS2d 515]—

The record supports the court's conclusion, made after a thorough evidentiary hearing, that defendant did not receive meaningful representation. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the rec-

ord casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]).

Defense counsel failed to conduct any investigation, make any motions, or even view the video of defendant's breathalyzer test before negotiating a plea bargain whereby defendant would plead guilty to the top count of the accusatory instrument. There were lines of defense that were at least worthy of investigation, including matters that could have affected the accuracy of the breathalyzer results. The attorney's testimony established that there were no strategic reasons for these omissions.

The hearing evidence also established that since defendant had no prior record and no accident occurred, it was extremely unlikely that defendant would receive a jail sentence. Accordingly, defendant received little, if any benefit, by pleading guilty to the top count without ever having received even a minimally accurate assessment of the strength of the People's case. Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.