— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gorges, J.), rendered October 28, 2008, convicting him of scheme to defraud in the first degree (two counts), falsifying business records in the first degree (two counts), grand larceny in the second degree (two counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the trial court lacked authority to vacate his plea of guilty and his contention in his pro se supplemental brief that the trial court forced him to go to trial against his will by vacating his plea of guilty are unpreserved for appellate review, as he did not object on those grounds before the trial court (see CPL 470.05 [2]; People v Rosen, 96 NY2d 329, 335 [2001], cert denied 534 US 899 [2001]; People v Olmstead, 77 AD3d 1179, 1181 [2010]). In any event, the contentions are without merit. The record reveals that the defendant rejected the option of an enhanced sentence. Thus, under the circumstances, the trial court properly vacated his plea of guilty (see People v Rubendall, 4 AD3d 13, 17 [2004]; People v Davis, 54 AD2d 410, 413 [1976], revd on other grounds 44 NY2d 269 [1978]).
The defendant’s contention in his pro se supplemental brief that he was entitled to specific performance of a plea agreement is not properly before this Court, since it is based upon matter dehors the record (see People v Walters, 299 AD2d 377, 378 [2002]).
The defendant’s contentions raised in his pro se supplemental *1075 brief that the trial court considered improper factors in refusing to impose the negotiated sentence pursuant to the plea deal and in vacating his plea are unpreserved for appellate review (see CPL 470.05 [2]; People v Rosen, 96 NY2d at 335; People v Aviles, 87 AD3d 547, 548 [2011]). In any event, the contentions are without merit (see CPL 400.10 [1]; Pepper v United State, 562 US —, —, 131 S Ct 1229, 1239 [2011]; People v Hicks, 98 NY2d 185, 188 [2002]; People v Selikoff, 35 NY2d 227, 238 [1974], cert denied 419 US 1122 [1975]; People v Gray, 51 AD3d 945 [2008]; People v Williams, 195 AD2d 492, 493 [1993]).
The defendant’s contention that the trial court violated his state statutory right against double jeopardy by vacating his plea of guilty is unpreserved for appellate review (see CPL 470.05 [2]; People v Biggs, 1 NY3d 225, 231 [2003]). In any event, the contention is without merit (see People v Rodriguez, 27 AD3d 585, 587 [2006]).
The defendant’s contention in his pro se supplemental brief that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see Penal Law §§ 155.35, 155.40, 190.65; People v Romero, 78 AD3d 740, 741 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, he was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668, 688, 694 [1984]; People v Turner, 5 NY3d 476, 480 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.