*Constant v. Martuscello, Jr.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:
      ROBERT A. KATZMANN,
         *Chief Judge*,
      ROBERT D. SACK,
      PETER W. HALL,
         *Circuit Judges*.

---

EMMANUEL CONSTANT,

      *Petitioner-Appellant*,

        v.                   No. 15-2789

DANIEL F. MARTUSCELLO, Jr.,

      *Respondent-Appellee*.

---

For Petitioner-Appellant:        GARY SCHOER, Syosset, NY.

For Respondent-Appellee:        HANNAH STITH LONG, Assistant Attorney General
                           (Barbara D. Underwood, Solicitor General, Nikki

Kowalski, Deputy Solicitor General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Emmanuel Constant appeals from an order of the United States District Court for the Eastern District of New York (Weinstein, *J.*) dismissing his habeas corpus petition under 28 U.S.C. § 2254. In 2006, the New York State Attorney General's Office filed an eight-count indictment in the New York Supreme Court, Kings County, charging Constant for his role in a mortgage fraud scheme. Constant initially pleaded guilty to one count of grand larceny pursuant to a plea agreement that called for a sentence of one to three years' imprisonment, and the state trial court accepted his plea and the plea agreement on the condition that Constant's "probation report reveal[] [no] information previously unknown to the Court, that the Court feel[s] is of a serious nature." App. 366. Prior to sentencing, the Center for Constitutional Rights, which represented plaintiffs in a civil suit against Constant, provided the trial court with information regarding Constant's role as a leader of the Revolutionary Front for the Advancement and Progress of Haiti ("FRAPH"), a Haitian paramilitary organization that is widely believed to have committed human rights abuses. Although the trial court had some information on Constant's past at the time of the initial plea, it deemed some of the information new and material and, accordingly, vacated Constant's plea. The trial court later offered Constant a new plea deal that

2

called for an enhanced sentence of three to nine years' imprisonment, but he refused to accept it. The case proceeded to trial, and the jury convicted Constant of all six counts presented at trial. The trial court then sentenced Constant to 12 and 1/3 to 37 years' imprisonment, which a statutory cap reduced to a term of 10 to 20 years. We assume the parties' familiarity with the remaining facts and the procedural history of this case.

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if the state court reached the merits of the petitioner's argument, we will grant relief only if the state court adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)–(2).

Constant argues that his conviction on all counts following his guilty plea violated the Double Jeopardy Clause, as applied to the states under the Fourteenth Amendment. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306–07 (1984). The prohibition on a second prosecution following a conviction—the relevant protection in this case—"serves 'a constitutional policy of finality for the defendant's benefit.'" *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *United States v. Jorn*, 400 U.S. 470, 479

3

(1971) (plurality opinion)).  This policy "protects the accused from attempts . . . to secure additional punishment after a prior conviction and sentence," *id.* at 165–66, and prevents the state from "subjecting [defendants] to embarrassment, expense and ordeal and compelling [defendants] to live in a continuing state of anxiety and insecurity," *Green v. United States*, 355 U.S. 184, 187 (1957).  Here, Constant argues that his guilty plea constituted a conviction that raised a double jeopardy bar to his subsequent prosecution at trial following the vacatur of his plea.  The Appellate Division rejected Constant's double jeopardy claim, citing *People v. Rodriguez*, which held that jeopardy does not attach when a defendant enters a plea pursuant to a conditional plea agreement, *see* 811 N.Y.S.2d 752, 754 (2d Dep't 2006). The New York Court of Appeals denied leave to appeal without providing further reasoning.

We conclude that the Appellate Division's adjudication of Constant's double jeopardy claim did not contravene clearly established law as defined by the Supreme Court.  *See* 28 U.S.C. § 2254(d)(1).  We have interpreted Supreme Court precedent to mean that, in certain circumstances, the Double Jeopardy Clause protects a defendant who has pleaded guilty from being prosecuted again for the same offense.  *See Morris v. Reynolds*, 264 F.3d 38, 51 (2d Cir. 2001); *but see United States v. Olmeda*, 461 F.3d 271, 279 n.7 (2d Cir. 2006) ("In certain circumstances, jeopardy is not deemed to attach at the time of a guilty plea, for example, where a defendant subsequently withdraws his plea." (citing *United States v. Podde*, 105 F.3d 813, 816–17 (2d Cir. 1997)). *Morris*, however, involved an unconditionally accepted guilty plea.  *Id.* at 40. Neither we nor, more importantly, the Supreme Court has held that a defendant suffers jeopardy when a guilty plea is entered conditionally, the fact on which the Appellate Division relied in this

4

case. This distinction is dispositive of Constant's habeas claim. *Cf. United States v. Sanchez*, 609 F.2d 761, 763 (5th Cir. 1980) ("Because the judge made it clear that she was taking the [plea] agreement under advisement, jeopardy did not attach."). A defendant whose plea is accepted only conditionally has a less substantial finality interest than a defendant whose plea is accepted unconditionally, and the Double Jeopardy Clause, as noted, protects a defendant's interest in finality. *See Brown*, 432 U.S. at 165; *see also Podde*, 105 F.3d at 816 ("A double jeopardy inquiry must be conducted with the purposes served by the Clause in mind."). We need not decide whether this difference means that no double jeopardy violation occurred. It is enough that finding a double jeopardy violation here would require that we "extend a rationale" offered by the Supreme Court "'before [we] can apply [it] to the facts at hand'"; "by definition," this means that "the rationale was not 'clearly established,'" and habeas relief is therefore inappropriate. *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

Constant's counterarguments are unpersuasive. First, he asserts that the trial court made only its sentence promise conditional, not its acceptance of Constant's guilty plea. In this context, however, a plea is deemed conditional because "[t]he plea agreement [along with the attendant sentence promise] and the plea [are] inextricably bound up together, and acceptance or rejection of one by the judge meant acceptance or rejection of the other." *Sanchez*, 609 F.2d at 762. Second, Constant claims that the conditions attached to the plea agreement had been satisfied because Constant's presentence report contained no new material information. However, in New York felony cases, "any sentence 'promise' at the time of plea is, as a matter

5

of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report *or information obtained from other reliable sources*." *People v. Selikoff*, 35 N.Y.2d 227, 238 (1974) (emphasis added).[1] Consequently, the point that the presentence report itself contained no new material information cannot be dispositive.

Constant further argues that his state trial and appellate counsel provided constitutionally ineffective assistance. A defendant claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and that prejudice resulted from the counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When this standard is applied "in tandem" with the deferential standard under AEDPA, *Harrington v. Richter*, 562 U.S. 86, 105 (2011), a court's review is "doubly" deferential, *id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Constant argues that his trial and appellate counsel provided ineffective assistance because they failed to raise various claims, including the just-discussed double jeopardy claim. However, the Appellate Division, responding to arguments made either by Constant's appellate counsel or by Constant himself in a *pro se* brief, determined that the relevant contentions were without merit. Thus, even had Constant's counsel properly preserved the claims, the result would have been the same. It follows that Constant cannot show prejudice.

---

[1] *Morris* is not to the contrary. In *Morris*, where we found that the petitioner's plea had been accepted unconditionally, the trial court had promised probation for a misdemeanor offense, and the prosecution did not object. 264 F.3d at 42. New York law permits a trial court, before receiving a report describing the findings of a presentence investigation, to pronounce a sentence of probation in misdemeanor cases when the parties have agreed on this sentence. *See* N.Y. Crim. Proc. Law § 390.20(2), (4)(a). These circumstances do not obtain in the instant case.

Constant also claims that his trial counsel's failure to object to the involvement of the Center for Constitutional Rights in the sentencing proceeding constituted ineffective assistance. New York law does not, however, prohibit third parties from speaking at a sentencing hearing. *See* N.Y. Crim. Proc. Law § 400.10(2) ("The court may also direct that any person who has furnished or who can furnish information to the court concerning sentence attend."). Constant's counsel cannot be faulted for not raising a meritless argument. *See Aparicio v. Artuz*, 269 F.3d 78, 100 (2d Cir. 2001).

We have considered all of Constant's remaining claims and have determined that they are without merit. Accordingly, we find in Constant's arguments no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7