People v K.C. (2025 NY Slip Op 50958(U))

[*1]

People v K.C.

2025 NY Slip Op 50958(U)

Decided on June 11, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
K.C., Defendant.

2003NY073688

Alvin L. Bragg, Jr., District Attorney, New York County (Yesenia Brewster of counsel), for plaintiff. 
Merrick J. Dammar, Bronx, New York, for defendant.

Ilona B. Coleman, J.

The defendant moves to vacate his 2003 conviction for violating Penal Law § 240.20 —disorderly conduct, a non-criminal violation — pursuant to CPL § 440.10 (1) (h)[FN1]
on the grounds that he received ineffective assistance of counsel and that his plea was therefore not knowingly and voluntarily entered. Specifically, he claims that his attorney in 2004 "erroneously advi[sed]" him that a plea of guilty to disorderly conduct "would not have any negative impact on [his] immigration status" (Defense motion, p. 8-9). Because the defendant has not established that this advice was in fact erroneous, the motion is denied without a hearing (CPL 440.30 [4] [a]). 
 Relevant Facts
The defendant was born in Jamaica in 1967 and entered the United States on a C1/D visa. A C1 visa authorizes "immediate and continuous transit through the United States, for a period not to exceed 29 days" (INA 101 [a] [15] [C] [i]), and a D visa authorizes "alien crewmen" of [*2]ships or aircraft to enter the United States for the period necessary to perform the duties of their employment (see INA 101 [a] [15] [D]). After arriving in the United States — probably in 1998, when the visa was issued, though the exact date is not specified in defendant's motion — the defendant never left the United States. In 2001, he obtained a Florida identification card, and at some point (again unspecified in the defendant's motion) he moved to New York City. His visa expired on October 4, 2003. 
The defendant was arrested in this case on October 30, 2003 and charged with criminal sale of marihuana (then PL 220.40, an A misdemeanor) and unlawful possession of marihuana (then PL 221.05, a non-criminal violation). The criminal complaint alleged that a detective observed the defendant hand another person marijuana in exchange for money. The defendant was arraigned on October 31, 2003 and released on his own recognizance. Prior to the next court date, attorney Wallace Pruzansky submitted a notice of appearance for the defendant stating that he had been retained. According to New York State attorney registration records, Mr. Pruzansky is now deceased. 
On February 10, 2004, the defendant entered a plea of guilty to a single count of disorderly conduct (PL 240.20) and was sentenced to a conditional discharge with five days of community service. This offer was a deviation from the People's prior offers, which involved pleading guilty to criminal sale of marijuana in the fourth degree, an A misdemeanor. Before entering the plea, the defendant "ask[ed] each attorney about the consequences of a guilty plea on my immigration status, as [he] was not a Green Card holder, and in each case [he] was told that a guilty plea to this charge would not have any negative impact on [his] immigration status" (aff of defendant, p. 8). After the plea, the defendant quickly completed his community service, paid the mandatory court surcharges, and went on with his life. 
Now, more than twenty years later, the defendant hopes to adjust his status and become a lawful permanent resident. As of 2015, he is married to a U.S. citizen, and together he and his wife have a daughter, also a U.S. citizen. He has not been rearrested or convicted of any crime. The defendant believes that he is eligible through his wife to obtain legal status, but that he would need a waiver of inadmissibility on the grounds of his unlawful presence in the United States. 
He also believes, however, that he is ineligible to apply for a waiver of inadmissibility from inside the United States under what he calls the "Provisional Waiver Act," which appears to refer to a regulation that the U.S. Citizenship and Immigration Services (USCIS) promulgated in 2013 and which is codified at 8 CFR 212.7 (e). The defendant believes that, because of his disorderly conduct conviction, the "Provisional Waiver Act" mandates that he return to his home country of Jamaica to apply for status. He does not claim, however, that his conviction rendered him inadmissible, removable, or ineligible with respect to any other category of immigration relief.
The defendant now states that if he had been "made aware of the immigration consequences of [his] guilty plea [he] would not have taken the pleas" and instead would have insisted on proceeding to trial. Neither the defendant in his affidavit nor defense counsel in his memorandum of law claims that defendant's conviction had any immigration consequence beyond the alleged ineligibility for a provisional waiver of inadmissibility.

 Analysis
Under CPL § 440.10 (1) (h), a court may vacate a judgment of conviction on the grounds [*3]that it was "obtained in violation of a right of the defendant under the constitution of this state or of the United States." The defendant argues that his 2004 plea of guilty to disorderly conduct was involuntary because he did not receive effective assistance of counsel as guaranteed under both the U.S. and New York State constitutions (Hill v Lockhart, 474 US 52, 59 [1985]; People v McDonald, 1 NY3d 109, 113 [2003]). Specifically, the defendant argues that his attorney affirmatively and incorrectly advised him that pleading guilty to disorderly conduct would have no negative effect on his immigration status. 
To establish a violation of the right to the effective assistance of counsel, the defendant must first show that his prior counsel's representation "fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688—692 [1984]; see also People v Turner, 5 NY3d 476, 480 [2005]). Under the U.S. constitution, a defendant in the plea context must then show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59 [1985]). The New York State test for ineffective assistance does not strictly require a showing of prejudice as defined in federal law but instead asks whether, considering the totality of the circumstances of the case, a defendant's attorney provided "meaningful representation" (People v Sposito, 37 NY3d 1149, 1150—51 [2022]). 
The court must first examine whether the defendant's counsel at the time of his plea fell below an objective standard of reasonableness (Strickland, 466 US at 688; Turner, 5 NY3d at 480). It is true, as the People argue, that in 2004, before the Supreme Court decided Padilla v Kentucky, 559 US 356 (2010), criminal defense counsel in New York could not be considered ineffective for failing to advise their clients about the immigration consequences of guilty pleas (People v Ford, 86 NY2d 397 [1995]; see also People v Baret, 23 NY3d 777 [2014] [holding that the Padilla rule does not apply retroactively under state or federal law]). The allegation in the defendant's motion, however, is not that his lawyer failed to advise him about the effects of his guilty plea, but rather that counsel affirmatively misadvised him that the plea would have no "negative impact on [his] immigration status." Even before Padilla, it was the law in New York and in the Second Circuit that affirmative misstatements regarding immigration consequences could constitute ineffective assistance (People v McDonald, 1 NY3d 109 [2003]; US v Couto, 311 F3d 179, 188 [2d Cir2002]). The question, then, is whether the defendant's attorney provided mistaken advice.
Even assuming the defendant's factual allegations are true, he has failed to show that his prior counsel's advice was mistaken. The attorney's advice — that the defendant's plea of guilty to disorderly conduct "would not have any negative impact on [the defendant's] immigration status" — must be evaluated as the law and facts stood at the time it was given. (See People v Sposito, 37 NY3d 1149, 1150—51 [2022] [explaining that the court must view "the evidence, the law, and the circumstances of a particular case . . . as of the time of the representation"]). At the time of his plea, the defendant had no lawful status in the United States. He was already removable for having entered on a nonimmigrant visa and thereafter having failed to maintain lawful status (see INA 237 [a] [1] [C] [i]), and he was potentially inadmissible for remaining unlawfully in the United States beyond the terms of his visa (INA 212 [a] [9] [B]; see also INA 101 [a] [15] [D]). He was also barred from applying to become a lawful permanent resident (INA 245 [c] ["alien crewmen" may not adjust to permanent resident status]); ineligible for cancellation of removal (INA 240A [b] [1] [requiring presence in the U.S. for at least 10 years and a U.S.-citizen spouse, parent, or child]); and ineligible for a waiver of inadmissibility (see [*4]INA 212 [a] [9] [B] [v] [requiring a U.S.-citizen spouse or parent for waiver of unlawful presence]). 
In the context of the defendant's situation at the time of the plea, it is difficult to see how a disorderly conduct conviction could have had a negative impact on his immigration status.[FN2]
Disorderly conduct does not appear to be a ground of inadmissibility or removability (INA 212 [a] [2], 237 [a] [2]; see also Gayle v Warden Monmouth Cnty. Corr. Inst., 838 F3d 297, n 8 [3d Cir 2016] [convictions for disorderly conduct are "generally [not] considered crimes involving moral turpitude"]). Nor, to the court's knowledge, does the conviction render him ineligible for any sort of relief or make him a priority for immigration enforcement. While a disorderly conduct conviction can be a factor in discretionary immigration decisions (see USCIS Policy Manual, vol 1, part E, ch 8, Discretionary Analysis, 
https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-8 [last accessed May 12, 2025]), the defendant in 2004 did not meet the basic eligibility requirements for discretionary forms of relief such as cancellation of removal or waiver of inadmissibility (see INA 240A [b] [1]; 212 [a] [9] [B] [v]). The only "negative impact" cited in the defendant's motion is his alleged ineligibility for a provisional waiver, but the provisional waiver process did not exist at the time of the defendant's plea (see Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives, 78 Fed Reg 536 [Jan. 3, 2013]). In fact, even if provisional waivers had existed in 2004, the defendant would not have been eligible regardless of his conviction because he did not yet have a U.S.-citizen spouse (see 8 CFR 212.7 [e] [3] [iv]; INA 212 [a] [9] [B] [v]). 
Overall, the defendant's motion fails to advance any argument that prior counsel's immigration advice was incorrect at the time it was given, focusing instead on the defendant's eligibility for an immigration benefit now, more than twenty years after the plea was taken. In fact, the defendant's central assertion — that his conviction made him ineligible for a provisional waiver — is incorrect (see 8 CFR 212.7 [e]). While a provisional waiver is unavailable to applicants who are inadmissible for any reason beyond unlawful presence (8 CFR 212.7 [e] [3] [iii]), a single disorderly conduct conviction does not make a person inadmissible on criminal grounds (see INA 212 [a] [2]). Regardless, there is no indication that prior counsel's advice was meant to address anything beyond the defendant's immigration status at the time of the plea. The defendant asked only about "the consequences of a guilty plea on [his] immigration status," not about what effect it might have in the future if his circumstances were to change (aff of defendant, ¶ 4). Here, the defense attorney's response was accurate with respect to the defendant's circumstances at the time, and this court cannot fault him for failing to foresee, for example, that the defendant would marry a U.S. citizen in 2015, rendering him potentially eligible for immigration relief (see People v Modica, 64 NY2d 828, 829 [1985] [explaining that "the test [is] 'reasonable competence,' not perfect representation"]).
The only complaint that could plausibly be made about prior counsel's immigration advice is that it could have obscured the fact that even a minor conviction like the defendant's is [*5]a factor in evaluating applications for discretionary immigration benefits. The defendant does not seem to be advancing this argument, alleging only that the conviction made him ineligible for a provisional waiver. To the extent that he does advance this argument, it fails for several reasons. First, there is no reason in the defendant's affidavit to believe prior counsel intended his advice to be interpreted so broadly, nor would it have been reasonable for the defendant to take such assurance from his attorney's brief and generalized advice. Second, the defendant has not established that his conviction has any "negative impact on [his] immigration status," even in this very narrow sense. It is not clear that a single non-criminal conviction for disorderly conduct is likely to play any significant — much less outcome-determinative — role in the evaluation of his provisional waiver application. Third, the defendant has not provided any legal support for the idea that an attorney's performance could be found deficient for misadvising a client about how a conviction might be factored into a discretionary analysis. Perhaps an exceptionally careful defense attorney would have clarified that the plea could affect hypothetical future applications for discretionary relief for which the defendant was not then eligible, but this court cannot say that plea counsel's performance was deficient for his failure to do so (see Modica, 64 NY2d at 829).
Finally, the argument fails because the defendant has not demonstrated that he was prejudiced by his attorney's ostensible deficiency (see Hill v Lockhart, 474 US 52, 59 [1985]). In the plea context, prejudice is established where the defendant shows "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. The defendant does claim in his motion that, "[i]f [he] was made aware of the immigration consequences of [his] guilty plea [he] would not have taken the plea[]" (aff of defendant, ¶ 6), but this claim is based on the false premise that his conviction carries significant and clear immigration consequences, including ineligibility for a provisional waiver (see id., ¶ 7 [claiming that he is "currently unable to adjust . . . under the Provisional Waiver Act" because of his conviction], ¶ 8 [saying that deportation is a possible consequence of his plea]). To allege prejudice here, however, the defendant would have to acknowledge that the immigration consequences of his conviction are extremely limited and claim nevertheless that he would have proceeded to trial if he had known about them. He has not done that, and his claim therefore fails (CPL 440.30 [4] [b]). 
In fact, it is hard to see how the defendant could make such a claim credibly (see CPL 440.30 [4] [d]). While his disorderly conduct conviction carries essentially no immigration consequences, the charges he would have faced at trial carried serious, concrete, and permanent immigration consequences. If the defendant had been convicted of the top charge against him, he would have become deportable on criminal grounds (INA 237 [a] [2]), inadmissible on criminal grounds (INA 212 [a] [2] [A] [i] [II]), and permanently ineligible for a waiver of inadmissibility (INA 212 [h]). Even the lesser charge of unlawful possession of marijuana would have made him inadmissible on criminal grounds, though potentially eligible for an additional waiver (INA 212 [a] [2] [A] [i] [II], [h]). A conviction on either charge would have made the defendant categorically ineligible for a provisional waiver, which is available only to people inadmissible solely on the grounds of unlawful presence (8 CFR 212.7 [e] [3] [iii]). Of course, at trial, the defendant would have also faced the risk of a criminal record and a harsher sentence. Given the serious risks the defendant would have faced at trial, any claim that he would have rejected the disorderly conduct offer and proceeded to trial would be difficult to credit (see CPL 440.30 [4] [d]).
On the record before this court, the defendant received meaningful representation (People v Rivera, 91 AD3d 450, 450—51 [1st Dept 2012]). A defendant who received "an advantageous plea" has received "meaningful representation" if "nothing in the record casts doubt on the apparent effectiveness of counsel." Id. The defendant's prior counsel negotiated a plea to disorderly conduct, which allowed the defendant to avoid the risk of a criminal conviction, serious immigration consequences, and possible jail time. The defendant's prior counsel thus secured a favorable plea deal, and as discussed above, nothing in the record casts any doubt on the attorney's effectiveness. The defendant therefore received meaningful representation as required under the New York State Constitution (Rivera, 91 AD3d at 450—51).
The record before this court shows that the defendant received constitutionally adequate representation under both the U.S. and New York State constitutions. The defendant's CPL § 440.10 (1) (h) motion is therefore denied without a hearing.
This constitutes the decision and order of this court.
Dated: June 11, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:Defense counsel's notice states that the motion is made pursuant to CPL 440.46, and the memorandum of law cites only CPL 440.46-A. Neither of these statutes has any applicability to this case. The first authorizes resentencing on certain felony-level controlled substance charges, and the second authorizes vacatur of certain convictions for marijuana offenses, while the defendant was convicted of a non-criminal violation that has nothing to do with controlled substances or marijuana. The defendant's affirmation does, however, correctly cite CPL § 440.10 (1) (h), which authorizes courts to vacate a judgment "obtained in violation of a right of the defendant under the constitution of this state or of the United States." Despite the improper notice, the People responded on the merits to defense counsel's constitutional arguments and therefore were not prejudiced. Thus, the court will construe the defendant's motion as having been properly made pursuant to CPL § 440.10 (1) (h).

Footnote 2:In his motion, the defendant's current counsel provided little if any legal argument to support the claim that the disorderly conduct conviction has a negative impact on the defendant's immigration status. The court offered defense counsel the opportunity to provide additional argument regarding the conviction's alleged negative impact but received no response to repeated emails.