■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FENNELL, Appellant. [647 NYS2d 469] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered December 18, 1991, convicting defendant, after a jury trial, of murder in the second degree and kidnapping in the first degree, and sentencing him to consecutive terms of 25 years to life and 15 years to life, respectively, unanimously affirmed.

The record supports the trial court's conclusion that defense counsel's peremptory challenges violated *Batson v Kentucky* (476 US 79). The trial court's resolution of the "step three pretext determination" (*People v Payne*, 88 NY2d 172, 183) turned on the court's assessment of defense counsel's credibility and is entitled to deference by this Court on appeal (*People v Mancini*, 219 AD2d 456, 458, *lv denied* 86 NY2d 844). Defendant's unsupported and belated *Batson* claim was clearly a visceral response to the People's objection pursuant to *People v Kern* (75 NY2d 638, *cert denied* 498 US 824), and was properly rejected by the trial court (*see, People v Wilkins*, 214 AD2d 449, *lv denied* 86 NY2d 875).

We find no error in the trial court's supplemental charge on felony murder; the record does not indicate that the court misinterpreted the jury's request for further instructions or that the jurors were dissatisfied with the instructions given (*People v Almodovar*, 62 NY2d 126, 132). The limitation of defense counsel's proposed voir dire respecting photographs of the murder victim was within the trial court's broad discretion (*People v Boulware*, 29 NY2d 135, 140, *cert denied* 405 US 995). Concur—Ellerin, J. P., Rubin, Ross and Nardelli, JJ.