■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELGADO, Appellant. [649 NYS2d 472] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered January 12, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that purposeful racial discrimination by criminal defendants and their counsel in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions (*see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *Georgia v McCollum,* 505 US 42). Once the prosecution makes a prima facie showing that the defense exercised peremptory challenges on the basis of race, the defense is required to articulate a race neutral explanation for striking the jurors in question (*see, Batson v Kentucky,* 476 US 79; *Hernandez v New York,* 500 US 352). When the proffered explanations appear facially race neutral, the trial court must determine whether the prosecution has proved purposeful discrimination, that is whether the "race neutral" explanation is a mere pretext for racial discrimination (*see, Purkett v Elem,* 514 US 765). The ultimate burden of persuasion at the third stage rests unalterably on the People (*see, People v Payne,* 88 NY2d 172).

The defendant contends that the court improperly shifted the ultimate burden of persuasion to the defense. We disagree. The record establishes that when the court determined that the prosecution had made a prima facie showing that the defense exercised peremptory challenges on the basis of race, the court asked the defense counsel for race neutral explanations for striking the jurors. The court did not require the defense counsel to give "non-pretextual" reasons for the challenges (*see, People v Payne, supra,* at 186). Thereafter, the court determined that the defense counsel's asserted reasons were

pretextual. The record amply supports this conclusion (*see, People v Payne, supra,* at 185). Moreover, the ultimate burden of persuasion always remained with the prosecution (*see, People v Payne, supra*).

Contrary to the defendant's contention, the trial court properly admitted into evidence testimony indicating that the victim had sold drugs for the defendant. The testimony was admissible to demonstrate the defendant's motive and intent to commit the crime charged (*see, People v Molineux,* 168 NY 264; *see also, People v Ingram,* 71 NY2d 474; *People v Allweiss,* 48 NY2d 40). The testimony was also admissible to complete the witnesses' narrative to assist the jury in its comprehension of the crime (*see, People v Hudy,* 73 NY2d 40; *People v Mendez,* 165 AD2d 751). The court's instructions limiting the use of this evidence mitigated any potential prejudice to the defendant (*see, People v Berg,* 59 NY2d 294; *People v Baez,* 197 AD2d 527). Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.