■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SMALLS, Appellant. [671 NYS2d 678] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered August 10, 1995, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court properly rejected his peremptory challenge to a certain prospective juror. After correctly sustaining the People's objections based upon the prima facie showing that the defense counsel was using his peremptory challenges in a racially-discriminatory manner, the court asked the defense counsel for his reason for peremptorily challenging this juror (*see, People v Payne,* 88 NY2d 172). The defense counsel reported that the defendant "had no real objection to [the subject juror]. He (the defendant) was really [re]acting to her age more than anything else". The court disallowed the defendant's challenge to that juror.

The record is sufficient to permit us to infer a finding of pretext as to the subject juror (*see, People v Wint,* 237 AD2d 195; *People v Jackson,* 236 AD2d 628). Indeed, while age is, facially, a race-neutral reason for a peremptory challenge to a juror, an explanation based upon age can become pretextual if it bears no relationship to the facts of the case (*see, People v McMichael,* 218 AD2d 671; *see also, People v Garrastazu,* 238 AD2d 354), or if other jurors of a similar age are not objected to on that ground (*see, People v Dalhouse,* 240 AD2d 420; *People v Vega,* 239 AD2d 615). Here, the court's implicit finding of pretext is amply supported by the record (*see, People v Santana,* 235 AD2d 265; *see also, People v Delgado,* 233 AD2d 338;

*People v Fennell,* 231 AD2d 475). Therefore, the court's *Batson* determination need not be disturbed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.