■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BURROUGHS, Appellant. [744 NYS2d 608] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered May 20, 1999, convicting defendant after a jury trial of, inter alia, forgery in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him of three counts each of forgery in the second degree (Penal Law § 170.10 [1]) and petit larceny (§ 155.25) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [2]), defendant contends that Supreme Court erred in permitting the prosecutor to exercise a peremptory challenge to exclude the only black prospective juror. We agree. Following defendant's *Batson* objection, the prosecutor explained that she exercised the peremptory challenge because the age of the prospective juror was of concern to her and she would like a more mature person with "real life" experience. "[W]hile age is, facially, a race-neutral reason for a peremptory challenge to a juror, an explanation based upon age can become pretextual if it bears no relationship to the facts of the case * * *, or if other jurors of a similar age are not objected to on that ground" (*People v Smalls*, 249 AD2d 495, 495, *lv denied* 92 NY2d 986). Here, the fact that the prospective juror was 38 years old bore no relationship to the facts of the case. Further, the prosecutor did not ask the age of other prospective jurors and, indeed, opposed defense counsel's peremptory challenge to a 29-year-old woman. We conclude, therefore, that the prosecutor's explanation was pretextual, and we reverse the judgment of conviction and grant a new trial. In view of our determination, we do not address defendants' remaining contentions, including those raised in the pro se supplemental brief. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.