THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BURROUGHS, Appellant. [753 NYS2d 256] —Motion for reargument denied. Memorandum: The People have moved for reargument with respect to our reversal in *People v Burroughs* (295 AD2d 959) of the judgment convicting defendant of three counts each of forgery in the second degree (Penal Law § 170.10 [1]) and petit larceny (§ 155.25), and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [2]). We agreed with defendant that reversal was required on the ground that the prosecutor's explanation for exercising a peremptory challenge with respect to the only black prospective juror was pretextual. The prosecutor had explained that "she exercised the peremptory challenge because the age of the prospective juror was a concern to her and she would like a more mature person with 'real life' experience" (*Burroughs*, 295 AD2d 959). In reversing, we wrote that "the fact that the prospective juror was 38 years old bore no rela-

tionship to the facts of the case. Further, the prosecutor did not ask the age of other prospective jurors and, indeed, opposed defense counsel's peremptory challenge to a 29-year-old woman" (*id.*). In seeking reargument, the People contend that we overlooked the decision of the Court of Appeals in *People v Childress* (81 NY2d 263), and they further contend that the record contains no reference to a 29-year-old prospective juror. We deny the People's motion. " 'Once a prosecutor * * * has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant * * * had made a prima facie showing becomes moot' " (*People v Payne*, 88 NY2d 172, 182, quoting *Hernandez v New York*, 500 US 352, 359). Thus, the People's contention that this Court overlooked the principle in *Childress* concerning the preliminary issue of a defendant's prima facie showing is without merit. Further, pages 150 and 187 of the trial transcript indicate that the prosecutor opposed defense counsel's exercise of a peremptory challenge with respect to a 29-year-old prospective juror. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.