■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILMOT, Appellant. [823 NYS2d 800]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 26, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that Supreme Court erred in permitting the prosecutor to exercise a peremptory challenge to exclude a black prospective juror. We agree. Following defendant's *Batson* objection, the prosecutor explained that he was exercising the peremptory challenge because of the age and lack of "lifelong experience" of the juror. "[W]hile age is, facially, a race-neutral reason for a peremptory challenge to a juror, an explanation based upon age can become pretextual if it bears no relationship to the facts of the case . . . , or if other jurors of a similar age are not objected to on that ground" (*People v Smalls*, 249 AD2d 495, 495 [1998], *lv denied* 92 NY2d 986 [1998]). Here, the fact that the prospective juror at issue

was 19 years old bore no relationship to the facts of the case (*see People v Burroughs*, 295 AD2d 959 [2002], *lv denied* 99 NY2d 534 [2002]). Further, the prosecutor did not exercise a peremptory challenge to exclude a 22-year-old white male prospective juror who had a similar background with respect to his education and living arrangement. We thus conclude that the prosecutor's explanation was pretextual, and we reverse the judgment of conviction and grant a new trial (*see id.*). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In view of our determination, we do not address defendant's remaining contentions. Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.