# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

977

KA 12-02072

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DERICK MALLORY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 17, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that Supreme Court erred in permitting the prosecutor to exercise peremptory challenges to exclude two black prospective jurors. We agree. Pursuant to *Batson* and its progeny, "the party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more [prospective] jurors for an impermissible reason . . . Once a prima facie showing of discrimination is made, the nonmovant must come forward with a race-neutral explanation for each challenged peremptory—step two . . . The third step of the *Batson* inquiry requires the trial court to make an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented" (*People v Smocum*, 99 NY2d 418, 421-422; *see People v James*, 99 NY2d 264, 270-271).

As the People correctly concede, because the court asked the prosecutor to place his race-neutral reasons for challenging the two prospective jurors on the record, the sufficiency of defendant's prima facie showing under step one of the *Batson* analysis is moot (*see People v Hecker*, 15 NY3d 625, 652; *People v Baxter*, 108 AD3d 1158, 1159). With respect to step two of the analysis, we conclude that the People failed to meet their burden of setting forth a "race-neutral

reason" for striking the challenged prospective jurors (*Hecker*, 15 NY3d at 656; *see Batson v Kentucky*, 476 US 79, 98; *People v Duncan*, 177 AD2d 187, 193-195, *lv denied* 79 NY2d 1048). "A race-neutral reason naturally 'means an explanation based on something other than the race of the [prospective] juror' " (*Hecker*, 15 NY3d at 655, quoting *Hernandez v New York*, 500 US 352, 360), and must be "related to the particular case to be tried" (*Batson*, 476 US at 98; *see Duncan*, 177 AD2d at 193). Although the burden on the nonmoving party at this stage of the analysis is relatively minimal, "[a] prosecutor's explanation may not be sustained where discriminatory intent is inherent in the explanation" (*Splunge v Clark*, 960 F2d 705, 709; *see People v Allen*, 86 NY2d 101, 110).

Here, the People excluded the two prospective jurors at issue solely based upon their answers to a race-based question, i.e., whether they believed that police officers "unfairly target members of the minority community" (*see Splunge*, 960 F2d at 707-708; *Turnbull v State of Florida*, 959 So 2d 275, 276-277, *review denied* 969 So 2d 1015). Notably, that question was unrelated to the facts of this case, which does not involve any allegation of racial profiling (*see Batson*, 476 US at 98; *Turnbull*, 959 So 2d at 277; *see also People v Pierrot*, 289 AD2d 511, 512). We are unpersuaded by the People's assertion that the question was "designed to ensure that the jurors would not automatically accept or reject police testimony." "[T]here are many perfectly acceptable questions that attorneys may ask to determine the prospective jurors' feelings about police officers" (*Turnbull*, 959 So 2d at 277) and, here, both the court and the prosecutor asked numerous race-neutral questions intended to ensure that the prospective jurors would fairly assess the testimony of police witnesses. Moreover, the prosecutor directed the objectionable question only to the black prospective jurors and not to their white counterparts (*see Miller-El v Dretke*, 545 US 231, 261; *cf. United States ex rel. Flores v Page*, 1998 WL 42279, *8-9 [ND Ill]). Although the prosecutor initially addressed the question to the entire panel, he singled out the three black prospective jurors for individual questioning when no one responded to his group question. The prosecutor did not follow up with any of the white prospective jurors (*see Miller-El*, 545 US at 256, 261; *cf. United States v Steele*, 298 F3d 906, 913-914, *cert denied* 537 US 1096). In addition, the prosecutor explicitly referenced race in explaining his reasons for challenging one of the prospective jurors. The first prospective juror responded to the prosecutor's question by stating her belief that "[s]ometimes" police officers unfairly target minorities. The prosecutor told the court that the prospective juror was not "a suitable juror for this case" because "she believes that police sometimes single out minorities and I have Caucasian police officers that are going to be taking the stand."

Even assuming, arguendo, that the People's proffered explanation for excluding the two prospective jurors withstands scrutiny under step two of the *Batson* analysis, we conclude that defendant met his ultimate burden of establishing that the explanation was a pretext for racial discrimination (*see Batson*, 476 US at 98; *Hecker*, 15 NY3d at

634-635; *Allen*, 86 NY2d at 104).  We therefore reverse the judgment of conviction and grant a new trial (*see People v Wilmot*, 34 AD3d 1225, 1226, *lv denied* 8 NY3d 886).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). In view of our determination with respect to the *Batson* issue, we do not address defendant's remaining contentions.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court