People v Coleman (2021 NY Slip Op 03695)





People v Coleman


2021 NY Slip Op 03695


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


251 KA 16-02292

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL M. COLEMAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 25, 2016. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted on count one of the indictment.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in permitting the prosecutor to exercise a peremptory challenge to exclude a black prospective juror. We agree.
Pursuant to Batson v Kentucky (476 US 79 [1986]) and its progeny, "the party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more [prospective] jurors for an impermissible reason . . . Once a prima facie showing of discrimination is made, the nonmovant must come forward with a race-neutral explanation for each challenged peremptory—step two . . . The third step of the Batson inquiry requires the trial court to make an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented" (People v Smocum, 99 NY2d 418, 421-422 [2003]; see People v Morgan, 75 AD3d 1050, 1051-1052 [4th Dept 2010], lv denied 15 NY3d 894 [2010]).
As the People correctly concede, because the court asked the prosecutor to place his race-neutral reasons for challenging the prospective juror on the record, the sufficiency of defendant's prima facie showing under step one of the Batson analysis is moot (see People v Hecker, 15 NY3d 625, 652 [2010]; People v Mallory, 121 AD3d 1566, 1567 [4th Dept 2014]). With respect to step two of the analysis, we conclude that the People failed to meet their burden of setting forth a race-neutral reason for striking the challenged prospective juror (see generally Mallory, 121 AD3d at 1567).
Here, the prosecutor stated only that the peremptory challenge was based on the "last comments . . . made in response to [defense counsel's] discussion . . . [where defense counsel] asked him about contacts with police or the differences between police in Brooklyn and here in Rochester, and [the prospective juror] made some comments . . . to the effect of, they're not as harsh . . . [and] it was a clear distinction between his views of the police between Brooklyn and Rochester or Monroe County." As defense counsel accurately responded, however, the prospective juror never described any police entity as "harsh," said anything negative about police or policing, offered an opinion distinguishing between policing in Rochester or Brooklyn, [*2]or stated that he had any interactions with police in either location. Instead, the prospective juror stated that "[i]t's a little easier growing up [in Rochester]," which related to his prior statement that living in Rochester was "a lot different" than Brooklyn because Rochester was "smaller" and "slower [paced]." The only question asked of the prospective juror that pertained to policing was whether he ever had "any different experiences" regarding "law enforcement stuff," to which the prospective juror answered in the negative. The prospective juror's statements neither reflected a bias with respect to police nor described his view of police or policing. Instead, the prosecutor's proffered race-neutral reason for the peremptory challenge appears to have been based on an erroneous recollection of the prospective juror's statements. In deciding the ultimate issue, however, the court accepted the prosecutor's erroneous account, explaining, "I think the reference that [the prosecutor] was referring to . . . was not as harsh. Law enforcement here in Monroe County was easier going than down in Brooklyn."
We conclude that reversal is required because the race-neutral reason proffered by the prosecutor and accepted by the court is not borne out by the record (see generally People v Fabregas, 130 AD3d 939, 942 [2d Dept 2015]; People v Jackson, 213 AD2d 335, 336 [1st Dept 1995], appeal dismissed 86 NY2d 860 [1995]). Although the record need not conclusively establish that a prospective juror actually harbors bias in order for a bias-based peremptory challenge to withstand review under Batson (see generally People v Hernandez, 75 NY2d 350, 357 [1990], affd 500 US 352 [1991]), a proffered race-neutral reason cannot withstand a Batson objection where it is based on a statement that the prospective juror did not in fact make (see generally Fabregas, 130 AD3d at 942). Here, the record does not support the prosecutor's characterization of the prospective juror's statements. We therefore reverse the judgment and grant a new trial on count one of the indictment (see generally Mallory, 121 AD3d at 1568). In view of our determination, we do not address defendant's remaining contentions.
All concur except NeMoyer and Winslow, JJ., who dissent and vote to modify in accordance with the following memorandum: We dissent. We would modify the judgment by reducing the sentence imposed and otherwise affirm. In our view, there was no Batson violation because the prosecutor provided a race-neutral reason for the peremptory challenge and County Court providently determined that the prosecutor's explanation was not pretextual. "The court's determination whether a proffered race-neutral reason for striking a prospective juror is pretextual is accorded great deference on appeal" (People v Norman, 183 AD3d 1240, 1241 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]; see People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; see generally People v Hecker, 15 NY3d 625, 656 [2010], cert denied 563 US 947 [2011]), and we reject the view of the majority that the race-neutral reason proffered by the prosecutor and accepted by the court is not supported by the record.
Here, defense counsel asked the prospective juror, who had lived in both Brooklyn and Rochester, whether living in Rochester was a different living experience than living in New York City. The prospective juror responded that it was a lot different in Rochester, as it was smaller and slower. Defense counsel then specifically asked the prospective juror if he had any different experiences with respect to law enforcement, and the prospective juror began to respond, "It's just  no." He then answered, "It's a little easier growing up here." Inasmuch as that answer was given in response to the question whether the prospective juror had any different experiences with respect to law enforcement, it was not unreasonable for the prosecutor and the court to understand the statement to mean that, based on the prospective juror's experience with law enforcement, "Monroe County was easier going than down in Brooklyn." Even if the court and prosecutor misunderstood the prospective juror, the prosecutor could reasonably believe, based on the prospective juror's response to the question, that he may have had some mistrust of police officers based upon his experiences with law enforcement in Brooklyn (see People v Fowler, 45 AD3d 1372, 1373-1374 [4th Dept 2007], lv denied 9 NY3d 1033 [2008]; see also People v Cunningham, 21 AD3d 746, 748 [1st Dept 2005], lv denied 6 NY3d 775 [2006]). We therefore would not disturb the court's determination that the prosecutor provided a facially neutral, non-pretextual reason to challenge the prospective juror (see People v Escobar, 181 AD3d 1194, 1196 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]; People v Dandridge, 26 AD3d 779, 780 [4th Dept 2006], lv denied 9 NY3d 1032 [2008]). In our view, the majority's contrary determination is inconsistent with the "well established" principles that "prosecutors are not required to show that the peremptory challenge was specifically related to the facts of the case" and that a prosecutor's race-neutral reason for a peremptory strike need not "rise to the level of a [*3]challenge for cause in order to survive Batson's step-three inquiry into pretextuality" (Linder, 170 AD3d at 1558 [internal quotation marks omitted]).
We agree with defendant, however, that the sentence imposed is unduly harsh and severe and that a reduction of the sentence would be appropriate under the circumstances presented here. Thus, as a matter of discretion in the interest of justice, we would modify the judgment by reducing the sentence of imprisonment imposed to a determinate term of seven years (see CPL 470.15 [6] [b]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court