People v Douglas (2022 NY Slip Op 01919)





People v Douglas


2022 NY Slip Op 01919


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


199 KA 17-01337

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW DOUGLAS, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 6, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one and four of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and assault in the third degree
(§ 120.00 [1]). Defendant was acquitted of the remaining two counts of the indictment. Defendant contends that Supreme Court erred in denying his Batson challenge with respect to the prosecutor's exercise of a peremptory strike on a prospective juror. We agree.
Pursuant to Batson v Kentucky (476 US 79 [1986]) and its progeny, "a three-step protocol [is] to be applied when a defendant challenges the use of peremptory strikes during voir dire to exclude potential jurors for pretextual reasons. At step one, the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (People v Bridgeforth, 28 NY3d 567, 571 [2016]; see People v Pescara, 162 AD3d 1772, 1772-1773 [4th Dept 2018]).
Initially, the issue whether defendant established a prima facie case of discrimination at step one of the Batson inquiry was rendered moot by the court's ruling " 'on the ultimate question of intentional discrimination' " (People v Payne, 88 NY2d 172, 182 [1996], quoting Hernandez v New York, 500 US 352, 359 [1991]; see People v Smocum, 99 NY2d 418, 423 [2003]; People v Burroughs, 299 AD2d 969, 970 [4th Dept 2002]; cf. People v Smouse, 160 AD3d 1353, 1355-1356 [4th Dept 2018]).
With respect to step two, the prosecutor stated that the reason that he exercised a peremptory challenge on the prospective juror at issue was due to "her answer as to why she wanted to sit on the jury." Specifically, the prosecutor explained that the prospective juror expressed an "odd interest in the defendant's right to remain silent, right to testify," and that "[t]he way she answered the question . . . was very strange." However, as the People correctly concede on appeal, the statements the prosecutor attributed to the prospective juror at issue were, in fact, made by a prospective juror upon whom defendant exercised a peremptory strike. Because "a proffered race-neutral reason cannot withstand a Batson objection where it is based on a statement that the prospective juror did not in fact make" (People v Coleman, 195 AD3d [*2]1411, 1413 [4th Dept 2021]; see generally People v Fabregas, 130 AD3d 939, 941-942 [2d Dept 2015]; People v Dalhouse, 240 AD2d 420, 422 [2d Dept 1997], lv denied 91 NY2d 871 [1997]), "an equal protection violation was established" (Smocum, 99 NY2d at 422; see Smouse, 160 AD3d at 1355). We therefore reverse the judgment and grant a new trial on courts one and four of the indictment (see Coleman, 195 AD3d at 1413; see generally People v Mallory, 121 AD3d 1566, 1568 [4th Dept 2014]). In view of our determination, we do not address defendant's remaining contentions.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court